■ FREDERICK CORSO et al., as Members of the City of Corning Fire Department, Appellants, v. JOSEPH J. NASSER, as Mayor of the City of Corning, et al., Respondents.— Order unanimously modified by deleting the second decretal paragraph thereof and as modified affirmed with costs to appellants. Memorandum: Plaintiffs, suing on behalf of themselves and all other members of the City of Corning Fire Department, appeal from an order which granted defendants' motion to dismiss the first and second causes of action in the complaint. Defendants' motion to dismiss the third cause of action was denied and defendants have not appealed. The first cause of action for money damages was properly dismissed. The second cause of action for a declaration as to the proper disposition to be made of the funds received by the fiscal officer of the City of Corning pursuant to the provisions of sections 553 and 554 of the Insurance Law, which provide that such funds are for the use and benefit of the Fire Department, sufficiently alleges a failure by defendants to so use the funds. A complaint in an action for a declaratory judgment will not be dismissed where, as in this case, it is shown that the controversy is real and that a declaratory judgment would be useful. (*Lanza* v. *Wagner*, 11 N Y 2d 317, 334; *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45, 50–51.) (Appeal from part of order of Steuben Special Term partially dismissing complaint.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.

■ HAROLD A. TRACY, Respondent, v. TELEDYNE, INC., et al., Appellants.— Judgment unanimously affirmed, with costs. Memorandum: Subsequent to the delivery of a promissory note in the amount of $100,000 by defendant Taber Instrument Corp. to plaintiff, pursuant to an agreement that the note " was to be converted into Class 'A' and Class 'B' stock of Taber Instrument Corporation, when it becomes available," defendants entered into a Plan of Reorganization Agreement under which by paragraph 4.1 defendant Teledyne, Inc. agreed that it " shall assume and discharge, and shall indemnify Taber against all debts, liabilities and obligations * * * whether known or unknown, fixed or contingent, except as herein specifically otherwise provided ". Uncontroverted evidence adduced at the trial establishes the liability of defendant Taber on the note, and defendant Teledyne's assumption of debts and obligations of defendant Taber clearly establishes its liability to plaintiff unless plaintiff's note comes within a specific exception to the assumption agreement. Teledyne asserts that the provisions of paragraph 4.3 of the agreement constitute such an exception applicable to the obligation due plaintiff. Paragraph 4.3 provides " Teledyne shall not assume nor be obligated to pay or discharge, nor indemnify Taber with respect to * * * (vii) any liabilities or obligations of Taber under or with respect to outstanding warrants or options or any other rights to acquire Taber stock or securities (whether or not such option, warrants or rights are appurtenant to or independent of other liabilities or obligations of Taber assumed hereunder)." While the provisions of paragraph 4.3 effectively excluded any obligation on the part of Teledyne to honor " rights to acquire Taber's stock or securities ", such exclusion did not in any manner affect the liability assumed by Teledyne under paragraph 4.1 as related to the obligation under the note itself. (Appeal from judgment of Erie Trial Term, in action to set aside agreement.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.