■ RELIANCE INSURANCE COMPANY OF NEW YORK, Plaintiff, v GARSART BUILDING CORP. et al., Respondents. J AND J ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents; PLANET INSURANCE COMPANY, Third-Party Defendant-Appellant.—In an action for a judgment declaring that the plaintiff Reliance Insurance Company of New York is not obligated to either defend or indemnify the defendant Garsart Building Corp. in a pending personal injury action, the third-party defendant Planet Insurance Company appeals from an

order of the Supreme Court, Rockland County (Weiner, J.), dated March 19, 1985, which denied its motion for renewal of its motion to dismiss the third-party complaint as against it, which had previously been denied by a prior order of the same court dated January 11, 1985.

Order affirmed, without costs or disbursements. The stay of this declaratory judgment action, previously granted by order of this court dated April 17, 1985, is vacated in view of the determination of the Workers' Compensation Board authorizing the defendant Horace Hall to withdraw his workers' compensation claim and closing the case.

The defendant Horace Hall was seriously injured in a construction-site accident in Orangeburg, New York, in September 1982. In 1983, Horace Hall and his wife brought suit against the County of Rockland Industrial Development Authority (hereinafter Rockland IDA), the owner or lessee of the construction site; J and J Associates, a partnership (hereinafter J and J), also the owner or lessee of the construction site; Louis C. Pell (hereinafter Pell), the general partner of J and J; and Gus Gekakis Inc., doing business as Garsart Construction (hereinafter Garsart), the general contractor at the construction site. The complaint asserted several causes of action including negligence, statutory violation, breach of warranty, strict liability in tort, and loss of consortium. The complaint also alleged that Horace Hall (hereinafter Hall) was an independent contractor at the time of his accident. In their answer J and J, Pell, and Rockland IDA denied liability for Hall's injuries and asserted cross claims against Garsart for contribution and indemnity.

In December 1983, after Hall's personal injury suit had been initiated, the defendant Garsart referred the Halls' complaint to its general liability carrier, Reliance Insurance Company of New York (hereinafter Reliance), which commenced the instant declaratory judgment action seeking a determination that it was not obligated to defend or indemnify Garsart (which it sued under the name of Garsart Building Corp.) because Reliance had not been timely notified of the accident or of the suit. J and J, Pell and Rockland IDA were also joined as the defendants in the instant action.

In May 1984, Hall, claiming to be an employee of Garsart, filed a claim with the Workers' Compensation Board seeking to recover under Garsart's workers' compensation policy for injuries sustained in the September 1982 accident. J and J, Pell, and Rockland IDA then amended their answer to assert a counterclaim against Reliance, alleging that since Reliance

had issued a workers' compensation policy to Garsart it was obligated to respond in damages under the employer's liability provisions of that policy in the event a verdict was returned in favor of J and J, Pell, and Rockland IDA on their cross claims in the underlying personal injury action against Garsart. Reliance responded to the counterclaim by asserting that the Planet Insurance Company (hereinafter Planet), and not it, had issued the workers' compensation policy to Garsart, and as such, the counterclaim failed to state a cause of action. Reliance also claimed that J and J, Pell, and Rockland IDA lacked standing to assert the counterclaim.

In October 1984, J and J, Pell, and Rockland IDA commenced a third-party action herein against Planet alleging that Hall was an employee of Garsart and seeking a judgment declaring that under the employer's liability provisions of the workers' compensation policy issued by Planet to Garsart, Planet owed a defense and coverage to Garsart on their cross claims against Garsart in the underlying personal injury action. The Halls and Garsart were also joined as the defendants in the third-party action.

Planet moved to dismiss the third-party complaint insofar as asserted against it on the ground, *inter alia,* that the third-party plaintiffs lacked standing to seek such relief. Moreover, Planet argued that since Hall had filed a workers' compensation claim, the court lacked subject matter jurisdiction over the question of whether he was an independent contractor or an employee. Planet's motion to dismiss the third-party complaint was denied, as was a renewed motion for the same relief.

While the instant appeal was pending, this court, upon Planet's motion, granted the latter's request for an extension of time to answer the third-party complaint. Planet's answer raised several defenses, including (1) that the employer's liability portion of the workers' compensation policy was void and/or did not provide coverage since Garsart did not report Hall as an employee, (2) that planet had not received timely notice of Hall's injury, nor of the suit against Garsart by the Halls, and, (3) that Garsart had entered into a contract of indemnification and the employer's liability section does not provide coverage for liability assumed by an insured under such a contract. This court also stayed all further proceedings in this declaratory judgment action pending the determination of Hall's claim which was pending before the Workers' Compensation Board. As Special Term had stayed the trial of the underlying personal injury action pending the determination

of this appeal in the instant declaratory judgment action, all proceedings in this case had been stayed pending the determination of the present appeal, and the determination of Hall's claim by the Workers' Compensation Board.

Thereafter, Hall moved to withdraw his claim pending before the Workers' Compensation Board. Subsequent thereto, the Workers' Compensation Board authorized Hall to withdraw his claim, and closed the file on the case. Hall has since moved in this court to vacate the stay of proceedings in this declaratory judgment action.

Turning to the merits of the appeal, we note that with respect to the issue of standing, the third-party plaintiffs J and J, Pell, and Rockland IDA assert that they have a sufficient legal interest in protecting their right to contribution and indemnity to permit them to bring their third-party declaratory judgment action. We agree. The remedy of a declaratory judgment is proper when the pleadings and affidavits submitted state a real controversy involving substantial legal interests, and it has been shown that a declaratory judgment would be useful (see, *Playtogs Factory Outlet v County of Orange*, 51 AD2d 772; *Corso v Nasser*, 42 AD2d 822). In view of Planet's disclaimer of coverage in its answer, and the conflicting nature of Hall's claims in the underlying tort action that he was an independent contractor, and before the Workers' Compensation Board that he was an employee of Garsart, the present controversy is particularly appropriate for a declaratory judgment, so as to clarify the disputed relationships and the parties' present and prospective obligations (see, 3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3001.03, at 30-12, 30-13). New York courts, under similar circumstances, have permitted a party who, although not privy to the insurance contract, would nevertheless stand to benefit from the insurance policy to bring a declaratory judgment action to determine whether the insurer owed a defense and/or coverage under the policy (see, *Curreri v Allstate Ins. Co.*, 37 Misc 2d 557; *De Abreu v Lumbermans Mut. Cas. Co.*, 32 Misc 2d 634).

Having decided that J and J, Pell, and Rockland IDA have standing to maintain their third-party declaratory judgment action, we find that under the circumstances of this case Special Term can now decide along with all the other issues, the issue of whether Hall was an employee of Garsart, or an independent contractor at the time of the September 1982 accident. Although Hall did file a workers' compensation claim in May 1984, thereby invoking the Workers' Compensa-

tion Board's primary jurisdiction to decide this issue *(see, O'Rourke v Long,* 41 NY2d 219; *Shine v Duncan Petroleum Transp.,* 60 NY2d 22), Hall has since withdrawn his claim and the Workers' Compensation Board has closed its files on this matter. In view of the fact that there is no claim of any kind pending before the Workers' Compensation Board relating to the instant matter, and since the alleged employer Garsart has not raised the defense of workers' compensation herein *(cf. Peckham v Peckham Materials Corp.,* 102 AD2d 884), Special Term can now proceed with the resolution of the issues in this proceeding *(see, Burlew v American Mut. Ins. Co.,* 63 NY2d 412, 416). Accordingly, this court's order dated April 17, 1985, which stayed the instant declaratory judgment action, is hereby vacated. Mollen, P. J., Gibbons, Thompson and Brown, JJ., concur.