■ MASSACHUSETTS BAY INSURANCE COMPANY, Appellant-Respondent, v JOHN L. PENDLETON, Doing Business as NORTHEASTERN SEWER BUILDERS, et al., Respondents-Appellants, and JAMES T. KENNEDY et al., Individually and as Administrators of the Estate of JAMES W. KENNEDY, Deceased, Respondents.— Weiss, J. Cross appeals from an order of the Supreme Court (McDermott, J.), entered November 7, 1988 in Albany County, which denied motions for summary judgment by various parties.

On September 25, 1985 James W. Kennedy (hereinafter decedent), an employee of defendant John L. Pendleton, was killed while working on sewer pipe installations in the course of his employment when a trench in which he was working at a construction site in the Town of Colonie, Albany County, caved in. Defendants James T. Kennedy and Thelma R. Kennedy, as the administrators of decedent's estate (hereinafter collectively referred to as the administrators), commenced two separate lawsuits to recover damages for personal injuries and for wrongful death. The first was against defendants Town of Colonie and County of Albany as owners of the premises at which the construction was in progress, and alleged negligence and violation of Labor Law § 240 (1). In their July 16, 1986 answers, the town and county cross-claimed against Pendleton seeking contribution and/or indemnification. In the second action dated October 29, 1986, the administrators sued

Pendleton directly alleging a violation of Labor Law § 240 (1).[1] On or about October 31, 1986 Louis Bruno, Pendleton's attorney, sent plaintiff a copy of the answers by the town and county containing their cross claims against Pendleton. Subsequently, on or about November 12, 1986, Bruno mailed a copy of the summons and complaint in the second action against Pendleton to plaintiff, which had issued a policy of comprehensive liability insurance to Pendleton. On or about January 6, 1987, plaintiff sent an undated letter to Pendleton disclaiming liability under its general liability policy. While the letter was returned to plaintiff because the address used for Pendleton was incorrect, a copy was forwarded to Bruno who had been in correspondence with plaintiff concerning the question of coverage.

Thereafter in July 1987, plaintiff commenced this action seeking a judgment against all defendants declaring that its policy did not provide coverage for the causes of action set forth in either the third-party complaint or in the action by the administrators against Pendleton, and that it did not have a duty to defend and pay any judgment against Pendleton in either instance. Plaintiff's motion for summary judgment, as well as cross motions for summary judgment against plaintiff by the town and Pendleton, were denied. Supreme Court found that while coverage was not provided under the policy due to an exclusion provision, a question of fact existed as to whether plaintiff's notice of disclaimer under Insurance Law § 3420 (d) was reasonable and timely.

Initially, plaintiff has acknowledged that as of December 1, 1986, it had sufficient information upon which to base its disclaimer and that its claims representative had already decided that disclaimer was necessary. There is no explanation or apparent reason for the 36-day delay in sending the disclaimer notice to Pendleton. This absence of an explanation is particularly relevant in light of the passage of time after plaintiff received the pleadings forwarded by Bruno, Pendleton's attorney, on October 31 and November 12, 1986. While plaintiff attributes some confusion and delay as the result of an incorrect policy reference in Bruno's cover letter of October

1. Ordinarily, the liability of an employer for injuries to its employees arising out of and in the course of employment is limited to benefits under Workers' Compensation Law § 10. However, if an employer has failed to secure a workers' compensation insurance policy or to qualify as a self-insurer, Workers' Compensation Law § 11 permits an injured employee or his or her legal representative to elect to maintain an action in the courts for damages on account of injury or death.

31, 1986, the specifics are not set forth by plaintiff. The grounds for the disclaimer should have been readily apparent from a comparison of the pleadings with the proper insurance policy.

Insurance Law § 3420 (d), which provides for disclaimer of liability, states: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice *as soon as is reasonably possible* of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant" (emphasis supplied). The reasonableness of any delay in disclaiming is judged from the point in time at which an insurer is aware of sufficient facts upon which to base a disclaimer *(Aetna Cas. & Sur. Co. v Brice,* 50 NY2d 958, *affg on opn below* 72 AD2d 927; *Allstate Ins. Co. v Moon,* 89 AD2d 804, 806; *see, Allstate Ins. Co. v Gross,* 27 NY2d 263). The delay here covers a nine-week period. An unexplained delay of two months has been held as a matter of law to be unreasonable *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1030). Although plaintiff proffers confusion about which policy pertained as an explanation for the delay occurring during November 1986, it has failed to suggest any excuse for the additional delay of five weeks after its December 1, 1986 decision to disclaim.[2] The reasonableness of the entire delay in giving notice to Pendleton remains a question of fact to be resolved at trial *(see, Allstate Ins. Co. v Moon, supra).*

Order affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.

---

**2.** The record also indicates that an oral notice of the accident was given to plaintiff on September 25, 1985 shortly after it occurred. While the policy requires written notice, and at that time no claim was pending, plaintiff's knowledge of the incident in relation to its policies may bear upon the reasonableness of any delay in November 1986.