■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v PROGRESSIVE CASUALTY INSURANCE COMPANY, Respondent, et al., Defendants.—Mikoll, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered December 5, 1989 in Albany County, which denied plaintiff's motion for summary judgment and granted defendant Progressive Casualty Insurance Company's cross motion for summary judgment.

The issues presented on appeal in this action for declaratory judgment are whether (1) Supreme Court erred in granting summary judgment to defendant Progressive Casualty Insurance Company on the ground that plaintiff lacked standing to bring the action, and (2) the notice of cancellation was ineffective for failure to comply with the requirements of Vehicle and Traffic Law former § 313 (1) (a). The response to both questions is in the affirmative. Supreme Court's order should be reversed, summary judgment should be granted in favor of plaintiff declaring that defendant David Wands was not an uninsured motorist on the date of the accident and, therefore, plaintiff is not obligated to pay uninsured motorist benefits under its policy insuring defendant Irving Slaughter.

Slaughter allegedly sustained personal injuries in a motor vehicle accident with Wands that occurred in the City of Albany on October 21, 1983. In the summer of 1986, Slaughter commenced a negligence action against Wands seeking money damages for personal injuries. Wands' insurance company, Progressive, received a copy of the summons and complaint on August 8, 1986. Progressive immediately sent a reservation of rights letter and thereafter declined to defend or indemnify Wands in the action brought by Slaughter, asserting that Wands' insurance policy with Progressive had been canceled effective August 9, 1983 by a notice of cancellation mailed to Wands on July 7, 1983. As a consequence, Slaughter made a claim for uninsured motorist benefits under his policy with plaintiff. Slaughter filed a demand for arbitration but plaintiff obtained an order staying arbitration pending determination of the effectiveness of Progressive's notice of cancellation and whether Wands was in fact an uninsured motorist on the accident date.

The instant action for declaratory judgment seeks, *inter alia,* a declaration that (1) the notice of cancellation was ineffective, (2) Wands' policy of insurance with Progressive was in full force and effect at the time of the accident, (3) Wands was therefore not an uninsured motorist, and (4) Slaughter was therefore not entitled to uninsured motorist benefits under his insurance policy with plaintiff. Plaintiff moved for summary judgment for the relief demanded in the complaint. Progressive cross-moved for summary judgment. Supreme Court held that plaintiff lacked standing to maintain this action for declaratory judgment and granted Progressive's cross motion for summary judgment. This appeal by plaintiff ensued.

Plaintiff's contention that Supreme Court erred in determining that it lacked standing to maintain this action is well taken. A real, present and actual controversy exists between the parties as to whether Wands was an uninsured motorist at the time of the accident *(see,* CPLR 3001; *American Ins. Assn. v Chu,* 64 NY2d 379, 383, *cert denied* 474 US 803). Resolution of the issue of the effectiveness of the notice of cancellation will determine whether plaintiff would be liable to pay Slaughter uninsured motorist benefits. If Wands had coverage at the time of the accident because the notice of cancellation sent him by Progressive was ineffective, then plaintiff would not be liable to Slaughter.

As plaintiff's "property rights will be directly and specifically affected" by the resolution of the issues herein, plaintiff

has standing to maintain the instant action *(Wein v City of New York,* 47 AD2d 367, 370, *mod* 36 NY2d 610). Contrary to Progressive's assertions, this is an appropriate case for resolution through an action for declaratory judgment *(see, Krieger v Krieger,* 25 NY2d 364, 366).

Plaintiff's contention that the notice of cancellation sent to Wands was ineffective because it did not comply with the requirements of Vehicle and Traffic Law former § 313 (1) (a) is also persuasive. It has been held that, pursuant to Vehicle and Traffic Law former § 313 (1) (a), two requirements must appear on any notice of cancellation, one of which is that proof of financial security must be maintained *(see, Barile v Kavanaugh,* 67 NY2d 392, 397). "[A] notice of cancellation is ineffective unless in strict compliance with [these statutory requirements]" *(supra,* at 399; *see, Kelly v Amica Mut. Ins. Co.,* 142 AD2d 555, 556). "[T]he notice must clearly and unequivocally declare that insurance must be maintained continuously" *(Barile v Kavanaugh, supra,* at 398-399). As this statement relating to continuous coverage is not contained in the notice of cancellation in the case at bar, the notice is deemed ineffective. Plaintiff is therefore entitled to summary judgment.

Although both parties on this appeal briefed the issue of whether Wands complied with the notice of loss provisions under his policy with Progressive, that issue is not before us for decision because plaintiff has not been shown to have an interest in the resolution of that issue which should be resolved in the underlying negligence action or in an action between Wands and Progressive *(see, Hollander v Nationwide Mut. Ins. Co.,* 60 AD2d 380, 382). Moreover, Wands' policy with Progressive is not a part of this record, thus preventing adjudication of the issue.

Order reversed, on the law, without costs, cross motion denied, motion granted and it is declared that defendant David Wands was not an uninsured motorist on the date of the accident in question and plaintiff is therefore not obligated to pay uninsured motorist benefits under its insurance policy with defendant Irving Slaughter. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Casey, J., dissents and votes to affirm in a memorandum. Casey, J. (dissenting). Supreme Court's order granting summary judgment to defendant Progressive Casualty Insurance Company should be affirmed. The issues raised in this declaratory judgment action concerning the validity of Progressive's

notice of cancellation and its disclaimer of coverage can be adequately explored in the context of a proceeding to stay arbitration *(see, Matter of Empire Mut. Ins. Co. [Malagoli],* 133 AD2d 29; *Matter of Lion Ins. Co. v Campbell,* 76 AD2d 838). Accordingly, this is not an appropriate case for declaratory relief *(see, Automated Ticket Sys. v Quinn,* 90 AD2d 738, *affd* 58 NY2d 949).