(November 30, 1992)

■ ALLSTATE INSURANCE COMPANY, Respondent, v CENTENNIAL INSURANCE COMPANY, Appellant.—In an action for a judgment declaring, *inter alia,* that the defendant is obligated to provide insurance coverage to the plaintiff's insured, Irene Mysak, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated October 26, 1990, as denied its cross motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs.

Irene Mysak, a pedestrian, was allegedly struck and injured in February 1986 by a vehicle owned by Oscar Ayala. Mysak was insured by the plaintiff Allstate Insurance Company (hereinafter Allstate), and Ayala's vehicle was insured by the defendant Centennial Insurance Company (hereinafter Centennial). Allstate alleged that it notified Centennial of the accident in June 1986. Centennial initially disclaimed coverage in August 1986 on the ground that the policy had been canceled prior to the date of the accident. After determining that the policy had been canceled in error, Centennial reinstated the policy retroactive to January 1986. Allstate commenced this action in November 1986 for a judgment declaring that Centennial was obligated to provide benefits to Mysak under Ayala's policy. Centennial asserted as an affirmative

defense in its answer that it had not received timely notice of the accident and that Oscar Ayala had failed to cooperate. In February 1987 Centennial sent a letter to Allstate reiterating its disclaimer of coverage on the ground that Ayala failed to cooperate. Thereafter, Centennial cross-moved for summary judgment on the ground that it had not received timely notice of the accident. The cross motion was denied in the order appealed from.

The court properly denied Centennial's cross motion. Pursuant to Insurance Law § 3420 (a) (3), an injured party, or someone acting on behalf of the injured party, has an independent right to provide written notice to an insurance carrier *(see, General Acc. Ins. Group v Cirucci,* 46 NY2d 862; *Walters v Atkins,* 179 AD2d 1067; *Elmuccio v Allstate Ins. Co.,* 149 AD2d 653). Further, the carrier may not disclaim coverage if it fails to give timely notice of the disclaimer "as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; Insurance Law § 3420 [d]). This rule applies even if the insured or the injured party has in the first instance failed to provide the carrier with timely notice of the accident *(see, Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308; *New York Cent. Mut. Fire Ins. Co. v Markowitz,* 147 AD2d 461).

In this case, even if the notice of the accident provided by Allstate was untimely under the no-fault law *(see,* Insurance Law art 51; 11 NYCRR 65.12), Centennial was required to disclaim coverage as soon as reasonably possible. Moreover, Centennial was required to provide the injured party with a notice of disclaimer specifying the ground on which the disclaimer was predicated *(see, General Acc. Ins. Group v Cirucci, supra; United States Liab. Ins. Co. v Young,* 186 AD2d 644). Prior to the commencement of this action, Centennial did not disclaim coverage based on an untimely notice by the injured party. Assuming, *arguendo,* that the affirmative defense in Centennial's answer could serve as a notice of disclaimer, we find that Centennial's five-month delay in disclaiming coverage on the ground of untimely notice was unreasonable as a matter of law. This ground was readily apparent when Centennial first received notice of the accident, and Centennial failed to explain the delay *(see, Hartford Ins. Co. v County of Nassau, supra; Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480; *Kramer v Interboro Mut. Indem. Ins. Co., supra).* Balletta, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.