■ In the Matter of NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant, v ARNOLD STEINER, Respondent. [605 NYS2d 391] —In a proceeding to stay the arbitration of an underinsured motorist claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered September 17, 1991, which dismissed the petition.

Ordered that the order is affirmed, with costs.

The respondent, a pedestrian, was injured on March 7, 1990, when he was struck by an automobile. On February 27, 1991, he notified the petitioner insurance company of the accident, and sought underinsurance coverage. On April 10, 1991, however, the petitioner attempted to disclaim coverage on the ground that the respondent had failed, *inter alia,* to give the company timely notice of the accident. The petitioner subsequently commenced this proceeding to stay arbitration of the respondent's claim for underinsured motorist benefits, and the Supreme Court denied the application, concluding, as a matter of law, that the petitioner's unexplained 41-day delay in disclaiming coverage was unreasonable. We now affirm.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of disclaimer "as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability" *(Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028, 1029; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308). Timely notice of disclaimer must be given even where the injured claimant has in the first instance failed to provide the insurer with timely notice of the accident *(see, Allcity Ins. Co. v Pioneer Ins. Co.,* 194 AD2d 424; *Matter of State Farm Mut. Auto. Ins. Co. [Merrill],* 192 AD2d 824; *Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690; *Kramer v Interboro Mut. Indem. Ins. Co., supra).* This is particularly true where, as here, the primary ground for disclaiming coverage is the injured claimant's failure to notify the insurance company of the accident, a ground which should have been readily apparent to the carrier when it first received notice of the accident *(see, Kramer v Interboro Mut. Indem. Ins. Co., supra).*

Although the Court of Appeals has recognized that "[n]or-

mally the question whether a notice of disclaimer of liability or denial of coverage has been sent 'as soon as is reasonably possible' is a question of fact which depends on all of the facts and circumstances, especially the length of and the reason for the delay" *(Hartford Ins. Co. v County of Nassau, supra,* at 1030, quoting from *Allstate Ins. Co. v Gross,* 27 NY2d 263, 270), the Court in *Hartford* concluded that where an insurer offered no explanation whatsoever for a two-month delay, the delay was unreasonable as a matter of law. In so holding, the *Hartford* Court pointed out that "[a]lthough a two-month delay may often be easily justified, if in fact there be justification, no attempt was made to do so in this case, and speculation as to possible legitimate reasons for the delay is inappropriate. It is the responsibility of the insurer to explain the delay; it is not the function of the courts to engage in speculation as to what might have happened in order to remedy a failure of proof" *(Hartford Ins. Co. v County of Nassau, supra,* at 1030). Similarly, while the petitioner in the instant case may have been able to justify its 41-day delay in notifying the respondent that it was disclaiming coverage, it did not attempt to do so *(cf., Massachusetts Bay Ins. Co. v Pendleton,* 159 AD2d 770). Under these circumstances, and given the fact that the primary reason for disclaiming coverage was readily apparent upon receipt of notice of the accident, we find the petitioner's unexplained delay in disclaiming coverage was unreasonable as a matter of law. Bracken, J. P., Eiber, O'Brien and Pizzuto, concur.

Balletta, J., dissents and votes to reverse the order appealed from, with the following memorandum. I respectfully disagree with the majority and vote to reverse the order appealed from.

Insurance Law § 3420 (d) provides that: "If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident or any other type of accident occurring within this state, it shall give written notice as soon as reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant". The Court of Appeals has held that an unexplained delay of two months in providing a notice of disclaimer is unreasonable as a matter of law *(see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028). Concededly, this Court has often followed the Court of Appeals decision in Hartford and has found unexplained delays in disclaiming of two months or more to be unreasonable *(see, e.g., Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690 [five

months]; *Mount Vernon Fire Ins. Co. v Unjar,* 177 AD2d 480 [two and one-half months]; *Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308 [two months]). However, I am unaware of any decision by this Court which holds that a delay shorter than two months is unreasonable as a matter of law.

The statute provides that an insurer must give a written notice of disclaimer as soon as is reasonably possible; no specific time period is deemed to constitute undue delay. As stated in *Allstate Ins. Co. v Gross* (27 NY2d 263, 270): "the question of unreasonableness becomes a question of fact, or if extreme, of law, depending upon the circumstances of the case which make it reasonable for the insurer to take more or less time to make, complete, and act diligently on its investigation of its coverage or breach of conditions in its policy".

I cannot agree with the majority's implicit ruling that a 41-day delay, a mere six weeks, falls at the "extreme" end of the spectrum so that it is unreasonable as a matter of law. If a 41-day delay is unreasonable, then what time period may be considered reasonable: 30 days, 21 days, 14 days, etc.? At what point do we draw the line?

I am unwilling to find the delay in disclaiming of 41 days here to be unreasonable as a matter of law and, accordingly, I would grant the petition for a stay of arbitration or, alternatively, would remit the matter to the Supreme Court, Nassau County, for a hearing on the issue of the reasonableness of the delay *(see, e.g., Massachusetts Bay Ins. Co. v Pendleton,* 159 AD2d 770).