■ DOROTHY DUNN et al., Appellants, v STATE FARM INSURANCE COMPANY, Respondent. [613 NYS2d 36] —In an action seeking a declaration that the defendant is obligated to defend and indemnify the plaintiffs in an underlying wrongful death action, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Lonschein, J.), dated April 22, 1992, which, upon granting the defendant's motion for summary judgment and denying their cross motion for summary judgment, is in favor of the defendant and against them declaring that the defendant is not obligated to defend and indemnify them in the underlying wrongful death action.

Ordered that the order and judgment is modified, on the law, (1) by deleting so much of the first decretal paragraph thereof as granted the defendant's motion for summary judgment, and substituting therefor a provision denying the defendant's motion for summary judgment, and (2) by deleting the second decretal paragraph thereof; as so modified, the order and judgment is affirmed, without costs or disbursements.

The plaintiffs argue that the defendant's disclaimer was not issued as soon as "reasonably possible" (Insurance Law § 3420 [d]). The defendant does not dispute the applicability of Insurance Law § 3420 (d) (cf., Ward v Security Mut. Ins. Co., 192 AD2d 1000; Pawelek v Security Mut. Ins. Co., 143 AD2d 514; Spinosa v Hartford Fire Ins. Co., 90 AD2d 574), but argues instead that any delay in issuing its disclaimer was reasonable as a matter of law.

Under the circumstances of this case, we find that whether the disclaimer was issued within a reasonable time constitutes an issue of fact for trial (see, Hartford Ins. Co. v County of Nassau, 46 NY2d 1028; Allstate Ins. Co. v Gross, 27 NY2d 263; Massachusetts Bay Ins. Co. v Pendleton, 159 AD2d 770; Commercial Union Ins. Cos. v Jedamich Enters., 146 AD2d 599; cf., Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507). The order and judgment appealed from should therefore be modified so as to deny both parties' motions for summary judgment. We pass on no other issue. Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.