■ TOWN OF ISLIP et al., Respondents, v S. ZARA & SONS CONTRACTING CO., INC., et al., Defendants, and CNA et al., Appellants. [615 NYS2d 428] —In an action for a judgment declaring the scope of insurance coverage in connection with

property damage allegedly arising from work performed by the defendant S. Zara & Sons Contracting Co., Inc., the defendants CNA and Continental Casualty Co. appeal from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 11, 1992, which, *inter alia,* denied their motion to (1) dismiss the complaint pursuant to CPLR 3211 (a) (2) and (7), on the ground that the court lacked subject matter jurisdiction to grant the relief requested, and that the complaint failed to state a cause of action as against them, or (2) pursuant to CPLR 3024 (a) and (b), to direct the plaintiffs to serve an amended complaint setting forth a more definite statement and, in that event, to strike certain portions of the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contentions, there is a justiciable controversy between the appellants and the plaintiffs with respect to the scope of the appellants' insurance coverage of the defendant S. Zara & Sons Contracting Co. (hereinafter Zara) in connection with Zara's allegedly negligent sewer construction work performed pursuant to its contracts with the Counties of Nassau and Suffolk. As third-party beneficiaries of the construction contracts in question *(see, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 336; *Bethpage Water Dist. v Hendrickson Bros.,* 138 AD2d 660, 661), under the circumstances, the plaintiffs stand to benefit from the appellants' insurance coverage, which, the appellants allege, has been exhausted as a result of the numerous negligence actions underlying this declaratory judgment action. Accordingly, we find that there is an actual controversy supporting the present action *(see,* CPLR 3001; *see, e.g., Reliance Ins. Co. v Garsart Bldg. Corp.,* 122 AD2d 128, 131), and further find that the plaintiffs had standing to maintain it *(see, Costa v Colonial Penn Ins. Co.,* 204 AD2d 591; *Reliance Ins. Co. v Garsart Bldg. Corp., supra,* at 131; *cf., Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6).

We have examined the appellants' contentions pursuant to CPLR 3024 and find them to be without merit, for reasons stated by Justice Doyle at the Supreme Court. Thompson, J. P., Balletta, Krausman and Florio, JJ., concur.