■ ALLSTATE INSURANCE COMPANY, Respondent, v IGNACIO MACHADO, Appellant, et al., Respondents. [620 NYS2d 10] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the appeal is from a judgment of the Supreme Court, Queens County (Kassoff, J.), dated June 7, 1993, which, after a hearing, granted the petition and permanently stayed the arbitration.

Ordered that the judgment is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the petition is denied, and the parties are directed to proceed to arbitration.

We find that the Supreme Court erred by granting the petition to permanently stay arbitration of the appellant's uninsured motorist claim. Under the circumstances of this case, Allstate Insurance Company's (hereinafter Allstate) one-year delay in disclaiming coverage of the appellant's claim was unreasonable as a matter of law (see, Insurance Law § 3420 [d]; Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1029; Matter of Nationwide Mut. Ins. Co. v Steiner, 199 AD2d 507; Bernstein v Allstate Ins. Co., 199 AD2d 358, 359). Allstate's attempt to explain its one-year delay by contending

that the appellant had failed to cooperate with its investigation is patently meritless. All of the facts necessary for Allstate to disclaim coverage of the appellant's claim were available as soon as the claim was made *(see, Bernstein v Allstate Ins. Co., supra; Kramer v Interboro Mut. Indem. Ins. Co.,* 176 AD2d 308). It is, therefore, of no consequence that the appellant failed to notify Allstate of his claim until approximately two years after the accident *(see, Matter of Nationwide Mut. Ins. Co. v Steiner, supra; Allstate Ins. Co. v Centennial Ins. Co.,* 187 AD2d 690). Accordingly, Allstate is estopped from denying uninsured motorist coverage. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.