(April 17, 1995)

■ CARMINE ABATE et al., Appellants, v ALL-CITY INSURANCE

COMPANY et al., Defendants, and ALLSTATE INSURANCE COMPANY, Respondent. [625 NYS2d 587] —In an action for a judgment declaring that the defendant Allstate Insurance Company is obligated to indemnify the plaintiffs for any judgment paid in an underlying personal injury action, the plaintiffs appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated November 22, 1993, which granted the motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiffs Carmine Abate and Joseph Abate, as well as an individual named Robert Cafaro, are the codefendants in an underlying personal injury action which stems from an accident involving their respective motor vehicles. In that underlying action, the Abates cross-claimed against Cafaro for contribution. However, Cafaro filed for bankruptcy and Allstate Insurance Company (hereinafter Allstate), which had issued an automobile insurance policy covering Cafaro's vehicle, disclaimed any liability or obligation under the subject policy on the ground that it had been cancelled three months prior to the accident. Claiming that Allstate had improperly cancelled Cafaro's policy, the Abates thereupon commenced the instant action seeking a judgment declaring, *inter alia,* that Allstate will be obligated to indemnify them on their cross claim against Cafaro in the underlying personal injury action. The Supreme Court granted Allstate's summary judgment motion, holding that "[t]he acquisition of a judgment is a condition precedent to the maintenance of the action commenced by these plaintiffs against this insurer *(see,* Insurance Law § 3420; *Abbate v Medbrod,* 109 AD2d 768)". We reverse.

By its very terms, Insurance Law § 3420 enables certain specified parties to maintain an action against an insurer "to recover the amount of a judgment against the insured or his personal representative" (Insurance Law § 3420 [b]). Insurance Law § 3420 does not purport to govern declaratory judgment actions and, in light of the large number of cases permitting the maintenance of such actions by parties other than those who possess judgments against the insured *(see, e.g., Town of Islip v Zara & Sons Contr. Co.,* 207 AD2d 339; *Costa v Colonial Penn Ins. Co.,* 204 AD2d 591; *Lumbermens Mut. Cas. Co. v Progressive Cas. Ins. Co.,* 168 AD2d 708; *Reliance Ins. Co. v Garsart Bldg. Corp.,* 122 AD2d 128; *State Farm Fire & Cas. Co.*

*v LiMauro,* 103 AD2d 514, *affd* 65 NY2d 369), the statute does not operate to bar declaratory judgment actions *(cf., Mount Vernon Fire Ins. Co. v NIBA Constr.,* 195 AD2d 425; *cf., Clarendon Place Corp. v Landmark Ins. Co.,* 182 AD2d 6).

It is well-settled that a declaratory judgment is a proper remedy when the record presents a real controversy, involving substantial legal interests, and it is shown that a declaratory judgment would be useful *(see, Reliance Ins. Co. v Garsart Bldg. Corp., supra,* at 131; *Playtogs Factory Outlet v County of Orange,* 51 AD2d 772, 773; *Corso v Nasser,* 42 AD2d 822). The present controversy is appropriate for a declaratory judgment *(see, Reliance Ins. Co. v Garsart Bldg. Corp., supra).* Further, with reference to standing, "[a] party who is not privy to an insurance contract but would nevertheless stand to benefit from the insurance policy may bring a declaratory action to determine whether the insurer owed a defense and/or coverage under the policy" *(Costa v Colonial Penn Ins. Co., supra,* at 592). In this case, the Abates, who have asserted a cross claim against Allstate's purported insured, would stand to benefit from the subject insurance policy if, in fact, Allstate is obliged to provide coverage and indemnification thereunder *(see, Reliance Ins. Co. v Garsart Bldg. Corp., supra).* Accordingly, the Abates may properly maintain this declaratory judgment action. Bracken, J. P., Pizzuto, Hart and Krausman, JJ., concur.