■ ANTHONY TEPEDINO et al., Respondents, v ZURICH-AMERICAN INSURANCE GROUP, Appellant. [632 NYS2d 604] —In an action for a judgment declaring, *inter alia*, that the defendant is obligated to defend and indemnify its insured, Allied Woodbrook, Inc., with respect to an underlying action brought by the plaintiffs against Allied Woodbrook, Inc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated May 4, 1994, as denied its cross motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

This action seeks a judgment declaring, *inter alia*, that the

580

defendant is required to defend and indemnify its insured, Allied Woodbrook, Inc. (hereinafter Allied), with respect to an underlying action brought by the plaintiffs against Allied to recover damages allegedly caused by Allied in its construction of their home. The defendant disclaimed coverage of the claims in the underlying action.

We reject the defendant's contention that the instant action is premature as the underlying action has not been resolved. A party who is not privy to an insurance contract but would nevertheless benefit from the insurance policy may bring a declaratory judgment action to determine whether the insurer owes a defense and/or coverage under the policy (*see, Costa v Colonial Penn Ins. Co.*, 204 AD2d 591; *Reliance Ins. Co. v Gasart Bldg. Corp.*, 122 AD2d 128; *see also, Town of Islip v Zara & Sons Contr. Co.*, 207 AD2d 339). Moreover, a declaratory judgment action against insurers with respect to jural relations, either as to present or prospective obligations, is permitted prior to entry of judgment in the underlying action (*see, Costa v Colonial Penn Ins. Co., supra; cf., Hesse v Speece*, 204 AD2d 514).

The defendant's remaining contention is without merit. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.