■ In the Matter of STATE FARM INSURANCE COMPANY, Respondent, v JOHN BROSNAN et al., Appellants. [632 NYS2d 628] —In a proceeding pursuant to CPLR article 75 to stay arbitration of the appellants' underinsured motorist claim under an umbrella policy, the appeal is from an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated December 22, 1993, which granted the petition and denied the appellants' cross motion to compel arbitration.

Ordered that the order is reversed, on the law and as a matter of discretion in the interest of justice, with costs, the petition is denied and the appellants' cross motion is granted.

It is well settled that an insurance carrier may not disclaim liability if it fails to give the insured timely notice of disclaimer as soon as is reasonably possible after it first learns of the accident or grounds for disclaimer of liability (*see, Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507; *Allcity Ins. Co. v Pioneer Ins. Co.*, 194 AD2d 424; *Matter of State Farm Mut. Auto. Ins. Co. [Merrill]*, 192 AD2d 824; *Kramer v Interboro Mut. Indem. Ins. Co.*, 176 AD2d 308). Timely notice of disclaimer must be given even when the injured claimant has in the first instance failed to provide the carrier with timely notice of the accident (*see, Matter of Nationwide Mut. Ins. Co. v Steiner, supra; Allcity Ins. Co. v Pioneer Ins. Co., supra; Matter of State Farm Mut. Auto. Ins. Co. [Merrill], supra; Kramer v Interboro Mut. Indem. Ins. Co., supra*).

We find that State Farm's delay of over a year in denying coverage under a homeowners' umbrella policy that it had issued to the injured policy holder was unreasonable and that the arbitration should proceed. Even assuming that the policy holder failed to comply with the notice provision of the policy by failing to give timely notice to the proper entity (i.e., State Farm Fire and Casualty Co. rather than State Farm Mutual Automobile Insurance Company), State Farm's failure to timely disclaim on this basis precludes State Farm from raising it as a bar to arbitration. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.