■ ALIZA HALALI et al., Appellants, v EVANSTON INSURANCE COMPANY, Respondent. [666 NYS2d 676] —In an action for a judgment declaring, *inter alia*, that the defendant is obligated to defend and indemnify Vista Environments, Inc., with respect to an underlying action brought by the plaintiffs against Vista Environments, Inc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Held, J.), dated November 25, 1996, as granted the defendant's motion to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is denied.

We disagree with the defendant's contention that the plaintiffs lack standing to maintain this action. "A party who is not privy to an insurance contract but would nevertheless benefit from the insurance policy may bring a declaratory judgment action to determine whether the insurer owes a defense and/or coverage under the policy" (*Tepedino v Zurich-American Ins. Group*, 220 AD2d 579, 580; *see, Costa v Colonial Penn Ins. Co.*, 204 AD2d 591; *Reliance Ins. Co. v Gasart Bldg. Corp.*, 122 AD2d 128). Such an action is permitted prior to entry of judgment in the underlying action (*see, Tepedino v Zurich-American Ins. Group, supra; Costa v Colonial Penn Ins. Co., supra*).

We further find that the Supreme Court erred in determining, as a matter of law, that the binder in this case provided coverage on a "claims-made" basis inasmuch as the documentary evidence submitted by the defendant was inconclusive. The binder itself does not indicate the type of coverage afforded. The defendant failed to produce a copy of the applicable policy form which it claimed was identified in the binder. Rather, the defendant submitted a policy bearing a completely different policy number than the one identified in the binder. Consequently, the court erred in granting the defendant's motion. We also note that had the court properly resolved the coverage question, it should have issued an appropriate declaration instead of dismissing the complaint (*see, Marks v Radmin*, 205 AD2d 595).

In light of our determination, it is unnecessary to address the appellants' remaining contentions. Rosenblatt, J. P., Altman, Florio and McGinity, JJ., concur.