■ S. PAUL POSNER, Respondent, v S. PAUL POSNER 1976 IRREVOCABLE FAMILY TRUST, Defendant. ROBERT A. POSNER, as Executor of HARRY POSNER, Deceased, Intervenor-Appellant. [688 NYS2d 548] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered December 5, 1997, which granted plaintiff's motion to strike defendant-intervenor's demand for a jury trial and granted plaintiff's motion for partial summary judgment, dismissing defendant-intervenor's third counterclaim for a declaration that plaintiff is the alter ego of the defendant Trust, unanimously modified, on the law, plaintiff's motion for partial summary judgment denied and the third counterclaim reinstated, and otherwise affirmed, without costs.

The court erred in dismissing defendant-intervenor's counterclaim for a declaration that plaintiff is the alter ego of the defendant Trust, in this action to enforce a confession of judgment executed by the Trust in favor of plaintiff, whose wife serves as sole trustee of the Trust. The confession of judgment, in the amount of $1.25 million, was executed immediately after the court, in a prior action brought by defendant-intervenor against the Trust on a promissory note, indicated its intention at the conclusion of the jury trial to direct a verdict in favor of defendant-intervenor. Defendant-intervenor opposes the confession of judgment as being a fraudulent conveyance intended to render the Trust insolvent and his judgment on the note unenforceable.

Under these circumstances, we do not find the counterclaim for a declaratory judgment to be a misuse of such relief (*see, Abate v All-City Ins. Co.*, 214 AD2d 627, 629) or that prosecution of such counterclaim would subject plaintiff to inequitable treatment, due to his not being a party to the action on the note. Although defendant-intervenor was previously aware of plaintiff's ties to the Trust, it only became apparent after the trial and the unexpected, dubiously-timed confession of judgment that plaintiff should have been joined as a necessary party to the action on the note.

Intervenor's remaining counterclaims, seeking to set aside the confession of judgment as a fraudulent conveyance and to enjoin plaintiff from enforcing the judgment, are equitable in nature and therefore resulted in a waiver of the right to a jury trial (*Phoenix Garden Rest. v Chu*, 234 AD2d 233, 234; *cf., Cadwalader Wickersham & Taft v Spinale*, 177 AD2d 315). Contrary to intervenor's argument, the equitable relief sought is not incidental to any legal claim asserted in this action. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.