■ COLONIAL COOPERATIVE INSURANCE COMPANY, Respondent, v DESERT STORM CONSTRUCTION CORP. et al., Defendants, and STELLA SKLIAS, Also Known as STELLA REPAPINOS, et al., Appellants. [757 NYS2d 894] —In an action for a judgment declaring that the plaintiff is not obligated to defend and indemnify its insured, Desert Storm Construction Corp., in an action entitled *Petrou v Sklias,* pending in the Supreme Court, Queens County, under Index No. 7510/99, the defendants Stella Sklias, also known as Stella Repapinos, John Repapinos, also known as John Rapp, Quick Casual Restaurants, Inc., Corona W., Inc., and Corona Silver, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Jonas, J.), entered August 17, 2001, as granted that branch of the plaintiff's motion which was for summary judgment making the declaration, and denied their cross motion for summary judgment declaring that the plaintiff was obligated to indemnify the defendant Desert Storm Construction Corp. in the underlying action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment making the declaration and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in determining that the appellants lacked standing to challenge the timeliness of the plaintiff's disclaimer (*see Abate v All-City Ins. Co.,* 214 AD2d 627 [1995]; *see also Watson v Aetna Cas. & Sur. Co.,* 246 AD2d 57 [1998]).

The Supreme Court further erred in determining that the plaintiff's disclaimer was timely as a matter of law. Written notice of a disclaimer must be given "as soon as is reasonably possible" after the insurer first learns of the grounds for disclaimer of liability (Insurance Law § 3420 [d]; *see McGinnis v Mandracchia,* 291 AD2d 484 [2002]). This rule applies even where the insurer was not given prompt notice of the accident underlying the claim (*see Wasserheit v New York Cent. Mut. Fire Ins. Co.,* 271 AD2d 439 [2000]; *Matter of Nationwide Mut. Ins. Co. v Steiner,* 199 AD2d 507 [1993]). "[T]he question whether a disclaimer has been issued with reasonable promptness is, in all but extreme cases, a question of fact" (*Murphy v Hanover Ins. Co.,* 239 AD2d 323, 324 [1997]; *see Allstate Ins. Co. v Gross,* 27 NY2d 263, 270 [1970]; *Astoria Chemists v Travelers Indem. Co. of Conn.,* 278 AD2d 349 [2000]; *Lancer Ins. Co. v T.F.D. Bus Co.,* 286 AD2d 375 [2001]). Under the circumstances of this case, whether the disclaimer was issued

within a reasonable time "constitutes an issue of fact for trial" (*Dunn v State Farm Ins. Co.,* 205 AD2d 489 [1994]; *see Murphy v Hanover Ins. Co.,* 239 AD2d 323 [1997]).

In a letter to this Court dated September 3, 2002, the defendants Georgios Petrou and Despina Petrou request relief. However, they did not appeal and are not entitled to relief. Affirmative relief is generally not given to a nonappealing party (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.,* 98 NY2d 144, 151 n 3 [2002]; *Hecht v City of New York,* 60 NY2d 57 [1983]). "An exception exists only for those cases where granting relief to a nonappealing party is necessary to give meaningful relief to the appealing party" (*511 W. 232nd Owners Corp. v Jennifer Realty, supra* at 151), which is not the situation here. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.