Matter of Rochester Police Locust Club, Inc. v City of Rochester (2026 NY Slip Op 01696)

Matter of Rochester Police Locust Club, Inc. v City of Rochester

2026 NY Slip Op 01696

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

983 CA 25-00726

[*1]IN THE MATTER OF ROCHESTER POLICE LOCUST CLUB, INC., PETITIONER-PLAINTIFF-RESPONDENT,
vCITY OF ROCHESTER, RESPONDENT-DEFENDANT-APPELLANT. 

MANCUSO BRIGHTMAN PLLC, ROCHESTER (JOHN A. MANCUSO OF COUNSEL), FOR RESPONDENT-DEFENDANT-APPELLANT. 
TREVETT CRISTO, ROCHESTER (DANIEL P. DEBOLT OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT. 
ALLEN OVERY SHEARMAN STERLING US LLP, NEW YORK CITY (JOSHUA EBERSOLE OF COUNSEL), FOR NEW YORK CIVIL LIBERTIES UNION, AMICUS CURIAE. 

 Appeal from a judgment (denominated order and judgment) of the Supreme Court, Monroe County (Joseph D. Waldorf, J.), entered April 28, 2025, in a hybrid proceeding pursuant to CPLR article 78 and declaratory judgment action. The judgment, inter alia, declared unlawful portions of Local Law No. 2. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: In this hybrid CPLR article 78 proceeding and declaratory judgment action, respondent-defendant City of Rochester (defendant) appeals from a judgment that, among other things, declared unlawful portions of Local Law No. 2 (2019) of the City of Rochester (Local Law No. 2 or Local Law) authorizing the Police Accountability Board (PAB) to engage in discipline-related activities with respect to officers of the Rochester Police Department (RPD), who are represented by their union, petitioner-plaintiff Rochester Police Locust Club, Inc. (plaintiff).
This is the third time that litigation involving Local Law No. 2 has been before this Court. In 2019, we vacated a preliminary injunction barring the Local Law from being voted on, but we did not reach "the substantive merits of the Local Law" (Matter of Rochester Police Locust Club, Inc. v City of Rochester, 176 AD3d 1646, 1647 [4th Dept 2019]). In 2021, we addressed the merits of portions of the law, after Supreme Court declared that "those portions of Local Law No. 2 which authorize and empower [the PAB] to conduct disciplinary hearings and discipline officers of the City of Rochester Police Department are determined and declared to be invalid, void and unenforceable" (emphasis added). We concluded that the court "properly invalidated Local Law No. 2 insofar as it imbues [the] PAB with disciplinary authority over Rochester police officers without regard to collective bargaining" (Matter of Rochester Police Locust Club, Inc. v City of Rochester, 196 AD3d 74, 82 [4th Dept 2021], affd 41 NY3d 156 [2023] [Locust I]). The Court of Appeals affirmed, concluding "that the portion of Local Law No. 2 . . . addressing police discipline" and, more specifically, police "disciplinary procedures" was invalid (Rochester Police Locust Club, Inc., 41 NY3d at 166 [emphasis added]), reasoning that the police disciplinary procedures in Local Law No. 2 "ran afoul of the disciplinary procedures imposed by Civil Service Law §§ 75 and 76 and the Taylor Law [Civil Service Law art 14] that rendered those procedures proper subjects of collective bargaining" (id. at 165-166).
As relevant here, the collective bargaining agreement (CBA) between defendant and [*2]plaintiff specifically addresses both police discipline and police disciplinary procedures, including outlining the manner in which interviews of officers are to be conducted; by whom and when the interviews may take place; what prior written notice an officer is entitled to receive; the officer's right to representation at such interviews; and their attorney's right to ask questions during the same. The CBA also includes, as an appendix, "discipline guidelines & classification of penalties," as well as guidelines for command discipline.
After the Court of Appeals issued its decision, the PAB began, according to plaintiff, subpoenaing officer testimony as part of police misconduct investigations, opening independent investigations into suspected police misconduct, sending officer statement requests to RPD command staff and RPD officers concerning investigations, and publishing case closure reports on its website, despite having been informed by defendant's Corporation Counsel that it had no legal authority to do so.
Plaintiff thus commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking to invalidate—to the extent not already invalidated by Locust I—any provisions of Local Law No. 2 that pertained to the investigation of complaints of police misconduct or made recommendations as to police discipline. Following motion practice, Supreme Court concluded that the PAB had "been stripped of any express or implied statutory powers relating to its investigation or disciplinary-related activities concerning RPD officers" and the court declared Local Law "Section[s] 18-3 (C), (D), (E), (F), (G), (I), 18-5 (A), (B), (G) (1) through (4) and (6) through (8), (H) (1) and (2), 18-5 (I), (J), 18-6 (A) (3), and 18-8" unlawful because they conflicted with the Civil Service Law, the Taylor Law, the CBA between defendant and plaintiff, and Locust I. The court likewise granted plaintiff article 78 relief. Defendant appeals, and we now affirm.
Defendant raises a number of procedural contentions, including that the petition-complaint does not present a justiciable controversy and improperly seeks an advisory opinion. We reject those contentions. CPLR 3001 provides, in relevant part, that "[S]upreme [C]ourt may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed." "The remedy of a declaratory judgment is proper when the pleadings and affidavits submitted state a real controversy involving substantial legal interests, and it has been shown that a declaratory judgment would be useful" (Reliance Ins. Co. of N.Y. v Garsart Bldg. Corp., 122 AD2d 128, 131 [2d Dept 1986]), and declaratory judgment "may not be used as a vehicle for an advisory opinion" (Matter of Green Thumb Lawn Care, Inc. v Iwanowicz, 107 AD3d 1402, 1405 [4th Dept 2013], lv denied 22 NY3d 866 [2014] [internal quotation marks omitted]). Here, plaintiff alleges that the PAB has sought to subpoena at least one RPD officer and has issued case closure statements recommending discipline as to other officers, and, in light of the holding in Locust I, we conclude that there is a genuine controversy whether the PAB may lawfully take such actions. Likewise, we conclude that plaintiff maintains organizational standing to pursue its CPLR article 78 proceeding (see Matter of Cobbs Hill Vil. Tenants' Assn. v City of Rochester, 194 AD3d 1437, 1440 [4th Dept 2021]).
Contrary to defendant's contention, we conclude that, with respect to plaintiff's article 78 proceeding, case closure reports issued by the PAB constitute final agency determinations that are ripe for judicial review. The Court of Appeals has articulated a two-part test to resolve the question of when agency action is final. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34 [2005], rearg denied 5 NY3d 824 [2005]; see Matter of Columbus Monument Corp. v City of Syracuse, 218 AD3d 1184, 1186-1187 [4th Dept 2023]).
Here, attached to the petition-complaint were copies of at least one officer statement request and a case closure report issued after the Court of Appeals issued its decision in Locust I. Case closure reports are issued at the conclusion of the PAB's investigations and contain all the pertinent factual details, the standard of proof by which the officer's conduct is reviewed, whether the individual allegations were sustained, and recommended findings and disciplinary actions, and, as defendant's Corporation Counsel recognized, published case closure reports pose harm to individual officers. We conclude that the publication of case closure reports evinced the [*3]PAB's "definitive position and signaled the completion of agency activity" (Matter of Essex County v Zagata, 91 NY2d 447, 454 [1998]), and we note that a contrary result would effectively insulate PAB from judicial review. Moreover, contrary to defendant's further contention with respect to the article 78 proceeding, the doctrine of exhaustion of administrative remedies does not apply where, as here, "an agency's action is challenged as beyond its grant of power or when resort to an administrative remedy would be futile" (Lehigh Portland Cement Co. v New York State Dept. of Envtl. Conservation, 87 NY2d 136, 140 [1995]).
On the merits, defendant does not object to the declaration to the extent that it declared invalid section 18-5 (H), (I), and (J) (2)-(4), which involve reasonable cause determinations, hearing processes, and discipline, respectively, along with sections 18-6 (A) (3) and 18-8, and thus, we have no occasion to disturb the judgment with respect to those provisions. Rather, defendant challenges the court's determination to the extent that it rendered invalid any local law provision purporting to grant PAB investigatory powers over police misconduct, i.e., sections 18-3 (C)-(I), 18-5 (A), and 18-5 (G) (1)-(8), or involving the creation of a "disciplinary matrix," i.e., section 18-5 (B) and (J) (1).
Defendant contends that Locust I did not declare the PAB's investigatory powers invalid. We reject that contention. "[T]he Taylor Law prevails, and collective bargaining is required [for disciplinary procedures], where no legislation specifically commits police discipline to the discretion of local officials" (Rochester Police Locust Club, Inc., 41 NY3d at 163, quoting Matter of Patrolmen's Benevolent Assn. of City of N.Y., Inc. v New York State Pub. Empl. Relations Bd., 6 NY3d 563, 571 [2006]). In Locust I, the Court of Appeals expressly held that, as of 1985, "there was no longer a conflicting charter provision in force that 'specifically commit[ted] police discipline to the discretion of local officials'; therefore, 'the policy of the Taylor Law prevail[ed], and collective bargaining [was] required' on the issue of police discipline" (id. at 165) and, more specifically, police "disciplinary procedures" (id. at 163).
Here, defendant and plaintiff engaged in collective bargaining not only as to the types of discipline that could be imposed but also regarding other procedures inextricably intertwined with police discipline, such as the conduct of investigations. To that end, as noted above, the CBA sets forth, among other things, the manner in which interviews are to be conducted, by whom and when the interviews may take place, what prior written notice an officer is entitled to receive, the officer's right to representation at such interviews, and their attorneys' right to ask questions, as well as guidelines for command discipline and proposed penalties. To the extent that Local Law No. 2 attempted to usurp or alter those disciplinary procedures by granting the PAB authority to issue subpoenas, compel officer testimony, and create a new disciplinary matrix, "it ran afoul of the disciplinary procedures imposed by Civil Service Law §§ 75 and 76 and the Taylor Law that rendered those procedures proper subjects of collective bargaining" (Rochester Police Locust Club, Inc., 41 NY3d at 165-166).
We have reviewed defendant's remaining contentions and conclude that they lack merit.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court