DANIEL MCNAMARA, Respondent, *v.* ALLSTATE INSURANCE COMPANY, Appellant.

Fourth Department, March 13, 1957.

*Daniel A. Isaacson* for appellant.

*David M. Franz* for respondent.

BASTOW, J.  This appeal presents the question of the necessity of compliance with certain requirements of the Insurance Law (§ 167, subd. 1, par. [b]) before an injured person, who has

obtained a judgment against a tort-feasor, may bring a direct action against the insurer of the latter.

In June, 1954 the present plaintiff obtained a judgment for damages for personal injuries in the sum of $20,000 against one Woodring as the result of a collision between automobiles of the respective parties. Woodring was insured by the defendant in this action. The policy contained a monetary limit of liability, insofar as we are here concerned, of $10,000. A copy of the judgment was served upon the defendant and subsequent to the passing of 30 days this action was commenced. Upon the trial the plaintiff proved the foregoing facts. The defendant offered no proof and the court at the close of the evidence directed the jury to return a verdict in favor of the plaintiff in the sum of $10,000 — the limit of defendant's liability under the policy. The focal point of this appeal is the failure of the plaintiff to allege and prove that notice of entry of judgment was served upon Woodring, the insured or his attorney.

Subdivision 1 of section 167 of the Insurance Law provides that no liability policy shall be issued in this State unless it contains in substance certain provisions thereafter set forth '' which are equally or more favorable * * - * to judgment creditors so far as such provisions relate to judgment creditors ''. Paragraph (b) of the same subdivision and section requires a policy provision '' that in case judgment against the insured * * * shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy '' for the amount of the judgment not exceeding the amount of the applicable limit of coverage.

We turn to the policy to find if it contains a provision that is equally or more favorable to this judgment creditor. The sixth condition of the policy provides that '' No action shall lie against Allstate, under any Coverage, until after full compliance with all the terms of this policy; nor, as respects Coverages A and B, [the instant coverage was under A] until the amount of the insured's obligation to pay shall have been finally determined by judgment against the insured after actual trial. Any person * * * having secured such judgment, shall be entitled to recover under this policy to the extent of the insurance afforded ''. Research discloses that the substance of this language is used in the majority of policies issued in this and other States  In modified form it has been approved

by the two casualty insurance rating organizations (cf. 1945 Report of N. Y. Law Rev. Comm., pp. 194–195; see, also, 4 Richards on Insurance [5th ed.], pp. 2042, 2051).

It seems plain that this policy provision is less favorable to a judgment creditor than the statutory provision. The former sets up as a condition precedent to the institution of the action "full compliance with all the terms" of the policy. There is no such condition in the statute. The present action is not brought upon the contract of insurance. It "owes its parentage to the statute, rather than to the contract of insurance." (*Jackson* v. *Citizens Cas. Co.*, 277 N. Y. 385, 392.) Of course, in such an action the claimant must abide by the conditions of the contract as the insured would have been required to do (*Coleman* v. *New Amsterdam Cas. Co.*, 247 N. Y. 271, 275) and "The insurer may assert any defenses against such injured person ⁎ ⁎ ⁎ which it could have employed against the insured" (1 Richards on Insurance [5th ed.], p. 629).

It follows that this policy provision will be deemed to be in violation of the statutory provision and the policy provision pursuant to subdivision 1 of section 143 of the Insurance Law will be enforced as if it conformed with the requirements of the statute. Moreover, condition 3 of the policy states that "Such terms as are in conflict with statutes of the state in which this policy is issued are hereby amended to conform."

We thus return to the contention of the defendant that there is a jurisdictional defect and that this judgment may not stand because of the absence of allegation in the pleading and proof upon the trial that notice of entry of the judgment was served upon either the insured or his attorney. There is no hint in either record or brief that there was any impossibility of performance by the plaintiff of this requirement. The language of the statute is plain. There are at least four conditions to be met before the insurer may be sued. First, judgment against the insured, which (2) shall remain unsatisfied at the end of 30 days from (3) the serving of notice of entry of judgment upon (a) the attorney for the insured, or upon the insured and (b) upon the insurer and (4) the absence of any stay or limited stay of execution against the insured.

The statute is remedial. Prior to the enactment of section 109 (present § 167) of the Insurance Law, an injured person possessed no cause of action against the insurer of the tortfeasor. (*Jackson* v. *Citizens Cas. Co.*, 277 N. Y. 385, 389, *supra*.) Chapter 524 of the Laws of 1917 added section 109 to the Insurance Law. From that year to 1936 the jurisdictional basis for action against the insurer was the return of an execution against

the insured unsatisfied. In the latter year the Law Revision Commission studied the problem and pointed out certain procedural problems that had arisen relating to the commencement of such an action while an appeal was pending although execution had been returned unsatisfied (1936 Report of N. Y. Law Rev. Comm., pp. 911–940). This resulted in the amendment of the section (L. 1936, ch. 433) and the requirement for return of execution unsatisfied was abandoned. In its place was substituted the present concept that the right of action accrued against the insurer when the judgment remained unsatisfied for 30 days after service of notice of entry upon the attorney for the insured and the insurer. Subsequently, the service provision was broadened to permit service upon either the insured or his attorney (L. 1939, ch. 882, §167).

We start with the mandate that this statute, being in derogation of the common law, will be strictly construed (*Royal Ind. Co.* v. *Travelers Ins. Co.,* 244 App. Div. 582, 584, affd. 270 N. Y. 574). Here, the search is to determine whether the statutory requirement is of a mandatory or directory character. In this area of the law it has been written that " Where a statute specifies acts to be done by parties litigant to entitle them to maintain an action or to perfect an appeal, it is generally mandatory. Where rights or privileges are denied an individual because of his own failure to comply strictly with statutory directions, he has no cause for complaint." (3 Sutherland on Statutory Construction [3d ed], pp. 122–123; see, also, *People ex rel. Lawton* v. *Snell,* 216 N. Y. 527, 533; *Hill* v. *Board of Supervisors,* 119 N. Y. 344, 347; *Vulcan Rail & Constr. Co.* v. *County of Westchester,* 250 App. Div. 212, 220; *Colell* v. *Delaware, Lackawanna & Western R. R. Co.,* 80 App. Div. 342, 344.)

We conclude that the commands of this statute relating to service of notice of entry of judgment were mandatory and a condition precedent to the validity of a determination under it. In the absence of proof of compliance with the statutory requirements the trial court was without jurisdiction. Moreover, the facts in this case suggest possible reasons for the service requirements laid down by the Legislature. We may gather from the record that the tort action was a default and the insured was not represented. It resulted in a judgment in an amount for which the insured had indemnity protection for only one half thereof. While his role in the tort action does not appear, there should not be further litigation and a resulting judgment against his insurer without notice to him of the entry of such judgment in the face of the statutory command to the contrary.

It would seem that plaintiff's contention that inasmuch as the insured was in default he could not appeal and, therefore, has no interest in this direct action against the insurer misses the plain legislative intent. From all that here appears the insured may not know at the present time that a judgment has been entered against him. There is no suggestion that execution has been issued against him. We may only assume that in the default tort action there was proof that a summons or summons and complaint were served upon him. Thereafter, he disappears from the litigation. We have no knowledge as to what notice, if any, the defendant gave the insured that it would not appear or represent him. Service of the required statutory notice may well have galvanized the insured into action on several fronts. We may only surmise and this we should not be asked to do in the face of the statutory command. The insured, too, may have rights that should not be ignored. In the light of these facts the punctilious observance of the provision in question was of the essence and the failure to follow the requirement is fatal to plaintiff's cause of action.

The judgment appealed from should be reversed and the complaint dismissed without prejudice.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs, without prejudice.