■ SOIDE FABIAN et al., Petitioners, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and ALLSTATE INSURANCE COMPANY et al., Respondents. — Appeal by the

Motor Vehicle Accident Indemnification Corporation (MVAIC) from a judgment of the Supreme Court, Kings County (Held, J.), dated January 6, 1984, which, after a "framed issue" trial, determined a disclaimer of insurance coverage by Allstate Insurance Company (Allstate) was valid.

Judgment reversed, on the law, with costs to MVAIC payable by Allstate, and Allstate's disclaimer is determined to be invalid.

Allstate, in its letter of disclaimer, failed to assert the alleged noncooperation of its insured. Thus, Allstate cannot now assert that reason as a basis for its disclaimer (*General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864).

"Although an insurer may disclaim coverage for a valid reason (Insurance Law § [3420 (d)]) the notice of disclaimer must promptly apprise the claimant with a high degree of specificity of the ground or grounds on which the disclaimer is predicated. Absent such specific notice, a claimant might have difficulty assessing whether the insurer will be able to disclaim successfully. This uncertainty could prejudice the claimant's ability to ultimately obtain recovery. In addition, the insurer's responsibility to furnish notice of the specific ground on which the disclaimer is based is not unduly burdensome, the insurer being highly experienced and sophisticated in such matters" (*General Acc. Ins. Group v Cirucci, supra,* at p 864).

The only ground stated in the disclaimer letter, to wit, the insured's failure to notify Allstate of the accident, was not effective as against petitioners. As injured third parties, petitioners may seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident (Insurance Law § 3420 [a] [3]; *see, Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028). While under the facts of this case, a disclaimer might have been made based upon late notice by petitioners themselves, the failure to raise this ground in the disclaimer letter precludes consideration of this ground for disclaiming coverage.

Accordingly, we determine that Allstate's disclaimer is not valid.

In light of our determination, we need not reach the issue of the timeliness of Allstate's disclaimer. Mangano, J. P., Gibbons, Niehoff and Lawrence, JJ., concur.