■ MANSHUL CONSTRUCTION CORPORATION et al., Appellants, v STATE INSURANCE FUND, Respondent. (Claim No. 66633.)— Mahoney, P. J. Appeal from an order of the Court of Claims (Murray, J.), entered March 19, 1985, which, upon granting

---

claimants' motion to reargue, adhered to its prior decision denying claimants' motion to serve and file an amended claim.

On November 9, 1974, John Evans, an employee of Lancaster Hauling, Inc. (Lancaster), was injured while performing demolition and construction work in New York City. Evans and his wife commenced an action in Supreme Court on August 12, 1975 against the City of New York and Manshul Construction Corporation (Manshul), the construction site general contractor. In September 1975, a third-party action was commenced by Manshul against subcontractor Dove Demolition Company (Dove). A second third-party action was commenced on September 6, 1979 against Lancaster. Neither Dove nor Lancaster appeared or answered. The Evans' suit was settled on October 23, 1979 as against Manshul and the City of New York for $325,000. In January 1981, Manshul and the City of New York brought an action against Dove and Lancaster for common-law and contractual indemnity, seeking to recover the $325,000 paid to Evans. When Dove and Lancaster again failed to appear, a default judgment was entered against them on December 22, 1981 for the full amount of the settlement plus interest.

On May 10, 1982, Manshul and insurance subrogees of the City of New York (claimants) filed the instant claim in the Court of Claims against defendant, the insurer of both Dove and Lancaster, seeking payment of the default judgment on indemnity and common-law negligence grounds. It is stated in the claim that the causes of action accrued on December 22, 1981. At the time of filing the claim, claimants had not served a copy of the default judgment upon defendant. Accordingly, by notice of motion dated January 27, 1984, claimants moved for leave to amend the claim. The Court of Claims denied the motion on the ground that claimants' failure to serve the December 22, 1981 judgment on defendant until October 23, 1983, a delay of 22 months, violated the provision to serve an amended claim (Court of Claims Act § 10). Claimants moved to reargue. The motion was granted, but the Court of Claims adhered to its prior decision. This appeal by claimants ensued.

Since a direct action against an insurer is created by statute, the specifics of the statute must be complied with to state a viable cause of action. Insurance Law § 3420 (a) (2) provides: "[I]n case judgment against the insured * * * in an action brought to recover damages for injury sustained * * * during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days *from the serving of notice of entry of judgment * * * upon the insured, and upon the insurer,*

then an action may * * * be maintained against the insurer" (emphasis supplied). Here, service of the judgment with notice of entry on defendant was not made until October 23, 1983. Therefore, when the claim was filed on May 10, 1982, the requisite statutory condition precedent of service with notice of entry upon defendant had not been met. Since no cause of action existed, the claim was a nullity and was properly dismissed. A jurisdictionally defective claim is not amenable to amendment. Accordingly, the motion to amend the claim was properly denied. In reaching this conclusion, we do not rule on any relief that may be available to claimants pursuant to the terms of CPLR 205 (a).

Order affirmed, with costs. Mahoney, P. J., Main, Mikoll and Yesawich, Jr., JJ., concur.