■ HERMINIO RODRIGUEZ, Respondent, v JLF PROPERTIES, INC., Respondent. (Action No. 1.) LIBERTY MUTUAL INSURANCE COMPANY, Appellant, v HERMINIO RODRIGUEZ et al., Respondents. (Action No. 2.) [594 NYS2d 206] —Order, Supreme Court, New York County (Alfred Toker, J.), entered June 8, 1992, which in action no. 1 granted plaintiff's motion extending the levy and execution against Liberty Mutual Insurance Company ("Liberty"); and order of the same court and Justice, entered June 17, 1992, which in action no. 2 denied Liberty's application to vacate the levy and execution, unanimously reversed to the extent appealed from, on the law, without costs, Liberty's motions are granted, and the levy and execution is vacated.

On June 11, 1988 Herminio Rodriguez commenced a personal injury action against JLF Properties, Inc. by service on the Secretary of State, seeking damages for injuries sustained by plaintiff during a robbery on June 28, 1985, in a building owned by JLF. Liberty Mutual Insurance Company had issued a liability insurance policy to JLF which was in effect on the date of the robbery. On August 15, 1991 a default judgment in

the amount of $311,901.92 was entered in plaintiff's favor against JLF. No judgment was entered against Liberty, and no copy of the judgment with notice of entry was served upon Liberty.

On March 2, 1992 Liberty was served with an execution with notice to garnishee and sheriff's levy (CPLR 5232 [a]) seeking to satisfy plaintiff's default judgment out of the proceeds of the insurance policy. Liberty commenced action no. 2 by moving pursuant to CPLR 5240 for an order vacating the levy, or in the alternative granting a protective order and stay of enforcement pending a hearing of Liberty's claim in the tort action (action no. 1), that no judgment was ever entered against Liberty and therefore enforcement of the levy was improper. Before the return date of Liberty's motion, JLF moved to vacate its default, and plaintiff cross-moved to extend the levy pending determination of Liberty's application to vacate same. As here pertinent, the Supreme Court by order entered June 8, 1992 in action no. 1 granted plaintiff's motion by extending the levy for 90 days, and by order entered June 17, 1992 in action no. 2 denied Liberty's application to vacate the levy. To the extent that Liberty appeals from the two orders, we reverse.

Plaintiff is a stranger to Liberty's insurance agreement with JLF, and is not a third-party beneficiary thereof. Accordingly, plaintiff's only remedy against Liberty arising out of the insurance agreement was by direct action against Liberty pursuant to Insurance Law § 3420, which requires as a condition precedent that a copy of the judgment with notice of entry be served on the insurer (*Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6, 8-9, *appeal dismissed and lv denied* 80 NY2d 918). Plaintiff's attempt to bypass this exclusive remedy by service of the levy and execution was improper. We observe that plaintiff did not even comply with the condition precedent for such an action by service upon Liberty of the judgment with notice of entry. Consequently, the execution with notice to garnishee and sheriff's levy served upon Liberty should have been, and is hereby, vacated. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.