■ MOUNT VERNON FIRE INSURANCE COMPANY, Respondent, v NIBA CONSTRUCTION INC. et al., Defendants, and OZZIE DAVIS et al., Appellants. [600 NYS2d 936] —Order and judgment (one paper) of the Supreme Court, Bronx County (Barry Salman, J.), entered on or about June 9, 1992, which granted plaintiff's motion for a default judgment against defendants NIBA, Archibald and Cooper, held that plaintiff is not obligated to defend defendants NIBA, Archibald and Cooper in an action pending against them by defendants Davis and Davis, and held that plaintiff is not obligated to indemnify defendants NIBA, Archibald and Cooper in respect of property damage allegedly suffered by defendants Davis and Davis on or about September 29, 1987, modified, on the law, to the extent of deleting the last decretal paragraph of said judgment declaring that plaintiff is not obligated to indemnify the Davises and, except as so modified, affirmed, without costs.

Mr. and Mrs. Davis allege that, on or about September 29, 1987, their home suffered extensive fire damage during the course of renovation work. They commenced a separate action against the contractor, its owner and the architect employed by the company (collectively, "the contractor").

In the instant action, the insurer for the contractor, plaintiff Mount Vernon Fire Insurance Company, seeks a declaration of its obligations with respect to the defense and indemnification of its insured. Plaintiff moved for a default judgment with respect to the contractor, and the Davises cross-moved for a declaration that plaintiff is obligated to defend its insured and to indemnify them for any judgment ultimately awarded in their action against the contractor.

The relief sought by the Davises in this action is premature. On the record before us, the Davises have failed to satisfy a condition precedent to maintenance of a direct action against the contractor's insurer pursuant to Insurance Law § 3420 (a) (2) in that no judgment has yet been obtained against the contractor which has gone unsatisfied by plaintiff for 30 days (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166). Moreover, as this Court held in Clarendon Place Corp. v Landmark Ins. Co. (182 AD2d 6, appeal dismissed and lv

*denied* 80 NY2d 918), the injured parties are neither proper parties defendant nor parties subject to permissive joinder where there has been no judgment against the insured in the underlying tort action. Until such time, the injured parties are mere "strangers to the insurance contracts at issue" *(supra,* at 8). However, if the Davises fulfill the requisite condition precedent in the future, they may then maintain the action, at which time the question of the insurer's liability for the loss, including any issue with regard to timeliness of notice, can be appropriately litigated. Concur—Milonas, Asch and Rubin, JJ.

Sullivan, J. P., concurs in a separate memorandum as follows: While I agree that the order and judgment appealed from should be modified to eliminate the declaration that Mount Vernon has no obligation to indemnify, I reach that conclusion on different grounds. Initially, I would note that *Clarendon Place Corp. v Landmark Ins. Co.* (182 AD2d 6, *appeal dismissed and lv denied* 80 NY2d 918) does not mandate denial of the relief sought by the Davises, as the majority holds. Insurance Law § 3420 (b) (1), upon which the holding of *Clarendon* is premised, is a remedial statute intended to give an injured person a limited right of action against the tortfeasor's insurer, when previously there had been none. *(McNamara v Allstate Ins. Co.,* 3 AD2d 295, 298-299.) Being in derogation of the common law, the statute must be strictly construed. *(Supra,* at 299.) While it insulates the insurer against litigation by third-party claimants seeking a determination of their rights, still inchoate, until the liability of the insured has been judicially established and there is an unsatisfied judgment against him, the statute was never intended as a bar to such a determination if the insurer, as here, joins the third-party claimant as a defendant in its own action seeking a judicial declaration of the coverage question.

In any event, denying, as premature, the third-party claimants Davis the declaration they seek as to coverage does not provide a rationale for the majority's vacatur of the IAS Court's declaration that the insurer, Mount Vernon, is not obligated to indemnify the contractor defendants, its insureds, for the property damage sustained by the Davises. Prematurity of remedy would only justify denial of the positive declaration the Davises sought on their cross-motion, which the IAS Court, without explanation, did deny.

The declaration of no obligation to indemnify should be vacated for the reason that it was made in the context of a motion for a default judgment against its insureds and is

based largely on their default in answering or appearing in the action. Declaratory relief should not issue merely on the basis of a default by one side to the controversy. The plaintiff still bears the burden of affirmatively proving its right to the declaratory relief it seeks. *(Levy v Blue Cross & Blue Shield,* 124 AD2d 900, 902.) To the limited extent the IAS Court appears to have reached the merits of the Davises' arguments on the renewal motion, the Davises having opposed the insurer's original motion by cross-moving for a summary judgment declaration in their own favor and later, on the insurer's renewal motion, having submitted opposition papers, the court resolved clear questions of fact and ignored at least one other factual issue which precludes the grant of summary relief.

In its original decision on the motion for a default judgment, the IAS Court, in granting leave to renew upon submission of a copy of the policy, left no doubt that the only ground for granting the insurer the relief it sought was the fifteen-month delay between the accident complained of and its receipt of notice from its insureds. In deciding the renewal motion in the insurer's favor, the IAS Court stated, "[I]t appears that the Davis defendants fail to establish that the plaintiff-carrier herein was properly notified of the underlying occurrence in accordance with [s]ection 3420 of the Insurance Law." In so ruling, the IAS Court erroneously decided, without affording the Davises any discovery, unresolved factual questions—the answers to which are in the exclusive possession of the insurer *(see, Terranova v Emil,* 20 NY2d 493, 497) —as to when the insurer actually first learned of the accident and as to the unreasonableness of the notice which it claims was given.

Since, under Insurance Law § 3420, the rights of the third parties, the Davises, are wholly independent of the rights of the insureds, the reasonableness of the fifteen-month time lapse in giving notice must be gauged in light of the circumstances applicable to the Davises, whose rights are affected, not by the circumstances applicable to the insureds. The Davises' proofs show that they did not know the identity of the insureds' carrier and, despite good faith efforts on their part, were unable to discover it. The standard to be applied in assessing the reasonableness of notice of an accident given to an insurer in such circumstances is set forth in Insurance Law § 3420 (a) (4): "[F]ailure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured or by any other claimant if it shall be shown not to have been reasonably

possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible." The statutory standard has been held to be an elastic one, not rigidly measured, dependent upon the particular circumstances. *(Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 19-20.) In determining the reasonableness of a third party's notice, it has been held, "The notice required * * * is measured less rigidly than that required of the insured." *(Walters v Atkins,* 179 AD2d 1067, 1068.)

With respect to the Davises' argument that they exercised due diligence to ascertain the insurer's identity and that the insureds never disclosed the identity of their insurer, this Court held, in similar circumstances, that a thirteen-month delay was not unreasonable. *(Lauritano v American Fid. Fire Ins. Co.,* 3 AD2d 564, *affd* 4 NY2d 1028.) Moreover, as this record discloses, we have nothing but the insurer's word for what the delay is. It has declined to respond to the Davises' discovery requests for the documents in its file disclosing what knowledge it received and when it received it. As already noted, its insureds never appeared in the action.

Moreover, under common law principles, unreasonable delay by the insurer in disclaiming coverage will work an estoppel if prejudice to the insured or the third-party claimant can be shown to have resulted from the delay. *(See, Appell v Liberty Mut. Ins. Co.,* 22 AD2d 906, *affd* 17 NY2d 519.) Here, there was an almost three-month delay in notifying the Davises of the disclaimer, during which period the Davises proceeded with the prosecution of their action, thus far, unfruitful, against Mount Vernon's insureds, incurring additional costs and expenses.

Thus, the order and judgment (one paper) should be modified to delete therefrom the provision declaring that Mount Vernon has no obligation to its insureds for the Davises' property damage claims asserted against them.