■ JOSE R. COSTA, as Administrator of the Estate of JOSE A. CREIO, Deceased, Respondent, v COLONIAL PENN INSURANCE COMPANY, Appellant, et al., Defendants. [612 NYS2d 617] —In an action for a judgment declaring that the defendant Colonial Penn Insurance Company is obligated to indemnify the defendant Anton Leasing Corp. for any judgment recovered in an underlying personal injury action, Colonial Penn Insurance Company appeals from an order of the Supreme Court, Suffolk County (Gowan, J.), dated May 27, 1992, which granted the plaintiff's motion for summary judgment, denied the appellant's cross motion for summary judgment, and declared that the appellant's policy affords coverage of $400,000 and that the appellant is obligated to indemnify Anton Leasing Corp. for any liability determined in the underlying action.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff's decedents died as a result of injuries sus-

tained in an automobile accident with the defendant Greg Newman. Greg Newman was operating a vehicle owned by the defendant Anton Leasing Corp. and leased to Stanley Newman. The plaintiff commenced a personal injury and wrongful death action against Anton Leasing Corp. and Greg Newman. Allstate Insurance Company, insurer for Stanley and Greg Newman, offered its policy limits in settlement of the action. The appellant, the insurance carrier for Anton Leasing Corp., denied coverage under the terms of its policy, claiming that the policy's limit was reduced by the amount of insurance required to be obtained in the lease with Stanley Newman and, therefore, no coverage was available for the plaintiff. The plaintiff then commenced the instant action for a judgment declaring the rights and obligations of the appellant to indemnify its insured in connection with the underlying negligence action. The appellant argued that the plaintiff did not have standing because the plaintiff had not obtained a judgment against the insured. The Supreme Court granted the plaintiff's motion for summary judgment and declared that the appellant's policy affords coverage of $400,000 and that the appellant was obligated to indemnify Anton Leasing Corp. for any liability determined in the underlying action. We affirm.

A party who is not privy to an insurance contract but would nevertheless stand to benefit from the insurance policy may bring a declaratory judgment action to determine whether the insurer owed a defense and/or coverage under the policy (see, *Reliance Ins. Co. v Gasart Bldg. Corp.*, 122 AD2d 128). Moreover, a declaratory judgment action against insurers, including excess carriers, is permitted prior to judgment where the judgment likely to be recovered in the underlying action would amount to more than the excess floor or the potential liability might well reach into the excess coverage (see, *State Farm Fire & Cas. Co. v LiMauro*, 103 AD2d 514, 518, *affd* 65 NY2d 369; *Farley v State Farm Mut. Auto. Ins. Co.*, 167 AD2d 861; *Hollander v Nationwide Mut. Ins. Co.*, 60 AD2d 380). Accordingly, we find that the plaintiff had standing to maintain the action (cf., *Clarendon Place Corp. v Landmark Ins. Co.*, 182 AD2d 6; *Mount Vernon Fire Ins. Co. v NIBA Constr.*, 195 AD2d 425). Additionally, the Supreme Court properly determined that the appellant's policy afforded coverage of $400,000. Lawrence, J. P., Ritter, Hart and Krausman, JJ., concur.