■ DORIS GREEN, Respondent, v FOX ISLAND PARK AUTOBODY, INC., Doing Business as ISLAND PARK AUTOBODY, Defendant, and PRIDE REALTY COMPANY et al., Appellants. [680 NYS2d 560] —In an action to recover damages for personal injuries, the defendants Pride Realty Company and Frank Mann appeal from an order of the Supreme Court, Westchester County (Rosato, J.), entered March 2, 1998, which granted the plaintiff's motion to reargue that branch of the appellants' prior motion which was for summary judgment dismissing the second cause of action insofar as asserted against them, which motion was granted by an order of the same court entered October 15, 1997, and, upon reargument, reinstated the second cause of action.

Ordered that the order entered March 2, 1998, is modified by deleting the provision thereof which, upon reargument, reinstated the second cause of action insofar as asserted against the appellants and substituting therefor a provision

adhering to the determination in the order entered October 15, 1997, insofar as it dismissed the second cause of action; as so modified, the order is affirmed, with costs to the appellants, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The plaintiff slipped and fell on ice on a public sidewalk abutting the premises where the defendant Fox Island Park Autobody, Inc. (hereinafter Fox Island) operated an auto repair shop. The property was owned by the appellant Frank Mann, and his company, the appellant Pride Realty Company (hereinafter Pride), leased the premises to Fox Island. By order entered October 15, 1997, the Supreme Court granted the appellants' motion for summary judgment and dismissed the complaint insofar as asserted against them on the ground that they were not liable for the alleged negligent removal of snow and ice from the sidewalk.

The plaintiff moved for reargument of that branch of the appellants' motion which was to dismiss the second cause of action, sounding in breach of contract, on the ground that the appellants' motion papers failed to specifically address its merits. In the second cause of action, the plaintiff alleged, *inter alia*, that the appellants failed to enforce a provision of the lease agreement which required Fox Island to obtain liability insurance and to name Pride as an additional insured. The plaintiff alleged that she was entitled to damages as a third-party beneficiary of the lease agreement.

The Supreme Court granted the plaintiff's motion to reargue and reinstated the second cause of action. Although we conclude that the Supreme Court did not improvidently exercise its discretion in granting reargument, reinstatement of the second cause of action is not warranted under these circumstances.

Initially, we reject the plaintiff's contention that the merits of the second cause of action should not be considered on appeal. The parties addressed the second cause of action in the motion to reargue the appellants' motion for summary judgment. The arguments made by the appellants for the first time on appeal may be considered since the issue is one of law which appears on the face of the record and could not have been avoided by the plaintiff if brought to her attention on the original motion (*see, Libeson v Copy Realty. Corp.,* 167 AD2d 376).

We conclude that the appellants are entitled to dismissal of the second cause of action. The plaintiff's claim that she was entitled to damages as a third-party beneficiary of the lease

agreement is without merit as a matter of law (*see, Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652; *King v Resource Prop. Mgt. Corp.,* 245 AD2d 10; *Rodriguez v JLF Props.,* 191 AD2d 211). The record establishes that the plaintiff was a stranger to the lease agreement and, as merely a member of the public injured on the property, she was, at most, an incidental beneficiary of the insurance provision in the lease. O'Brien, J. P., Sullivan, Pizzuto and Florio, JJ., concur.