**Arthur RICHARDS and Charlotte Richards, Plaintiffs,**

**v.**

**SELECT INSURANCE COMPANY, INC., Barco Auto Leasing Corp., Carlos E. Ortiz and Naomi Tanaka, Defendants.**

**No. 97 Civ. 7260 MBM.**

United States District Court, S.D. New York.

March 11, 1999.

---

Sherri L. Plotkin, Barton & Zasky, New York City, for plaintiffs.

Brendan F. Gallagher, Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Garden City, N.Y., for defendant Select Insurance Company, Inc.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiffs Arthur Richards and Charlotte Richards bring this action for declaratory relief pursuant to 28 U.S.C. § 2201 (1984). Plaintiffs allege that defendant, Select Insurance Company, Inc. ("Select") breached an insurance contract by refusing to defend and indemnify its insured, Barco Auto Leasing, Inc. ("Barco") for plaintiffs' personal injury claims resulting from an accident with a vehicle leased by Barco. Select moves to dismiss on the ground that plaintiffs, as the injured parties and not the named insured, have no standing to seek a declaratory judgment. In the alternative, Select moves for abstention in favor of an existing state court action brought by Barco seeking, *inter alia*, indemnification in plaintiffs' personal injury action. For the reasons set forth below, Select's motion to dismiss is granted.

### I.

This action arises out of a personal injury suit filed in this court on February 21,

1997, by plaintiffs against Barco, Carlos Ortiz and Naomi Tanaka. *See Richards v. Ortiz,* No. 97 Civ. 1233 (S.D.N.Y. filed Feb. 21, 1997). In that diversity action, plaintiffs sued defendants for damages resulting from an alleged accident where Arthur Richards was hit by a motor vehicle leased by Barco. (Compl.¶ 12)[1] Upon receiving the summons and complaint from plaintiffs, Barco notified Select of the accident and the pending action. (Barco Compl. ¶ 72) Select declined to indemnify or represent Barco, claiming that Barco failed to notify Select of the Richards' claim in the manner required by the terms of Barco's insurance policy (the "Barco Policy"). (*Id.* ¶ 74) In response, Barco filed an action in Supreme Court, Nassau County, on or about September 2, 1997, against Select and the previous owners of the Barco Policy. *See Barco Auto Leasing Inc. v. Gulf Ins. Co.,* No. 97–25466 (Sup.Ct. Nassau County filed Sept. 2, 1997). In that action, Barco sought a declaration of its rights and Select's liabilities in regard, *inter alia,* to plaintiffs' tort action. (Barco Compl. ¶¶ 18–76)

Unaware of the pending state court action, plaintiffs filed this complaint seeking a declaration that Select has a duty to defend and indemnify Barco in the current tort action. (Compl.¶ 28) Select now moves to dismiss this action on the ground that plaintiffs lack standing.

## II.

▇ As a threshold matter, it is useful at least to consider the proper procedural basis for Select's motion. It is unclear whether Select filed its answer to plaintiffs' complaint before or after filing a motion to dismiss on the pleadings. If this motion was filed before the answer, it would be properly construed as a motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). If it was filed after, it would be a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The difference, however, is largely academic because the standard under Rule 12(c) is the same as the standard under Rule 12(b)(6): Accepting the non-moving party's allegations as true and viewing the facts in the light most favorable to that party, judgment on the pleadings or dismissal for failure to state a claim should be granted if the moving party "is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. International Union,* 47 F.3d 14, 16 (2d Cir.1995) (per curiam): *see Narvarte v. Chase Manhattan Bank, N.A.,* 969 F.Supp. 10, 11 (S.D.N.Y.1997) (stating that the standard for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion, and citing cases).

## III.

▇ Select claims that because plaintiffs sue on a contract to which they are not parties, their standing depends on the statutory rights granted third parties under New York Insurance Law § 3420, N.Y.Ins. Law § 3420 (McKinney 1985 & Supp. 1998), which permits a judgment creditor to sue an insurer directly on an unpaid judgement. Select contends that an unpaid judgment is a condition precedent to any action, and because plaintiffs have no such judgment, plaintiffs' complaint must be dismissed.

Plaintiffs counter that Insurance Law § 3420 is procedural and, therefore, inapplicable in a federal court which is guided by federal procedural rules; or, alternatively, plaintiffs argue that although § 3420 bars an injured party from bringing a direct action for money damages, it does not bar that party from bringing a declaratory judgement action.

There is no dispute that plaintiffs have no common law or contractual rights in the Barco Policy. Therefore, plaintiffs' right to maintain the present cause of action against Select rests exclusively on the stat-

---

1. "Compl." and "Barco Compl." refer to plaintiffs' declaratory judgment complaint

and Barco's state declaratory action complaint respectively.

utory rights created by Insurance Law § 3420. That law provides, in relevant part:

(a) No policy or contract against liability for injury to person ... shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions which are equally or more favorable to the insured and to *judgment creditors* so far as such provisions relate to judgment creditors:

. . . .

(2) A provision that in case judgment against the insured ... shall remain *unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment* ... upon the insurer, then an action may ... be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract.

. . . .

(b) ... [A]n action may be maintained by the following persons against the insurer ... *to recover the amount of a judgment* against the insured ...

(1) any person who, or the personal representative of any person who, has *obtained a judgment* against the insured. . . .

*Id.* (emphases added).

In this case, plaintiffs do not yet have a judgment, let alone an unsatisfied judgment, against Barco. There seems no doubt, therefore, that if plaintiffs were to file a complaint in state court seeking money damages from Select, that complaint would be dismissed. *See Thrasher v. United States Liab. Ins. Co.,* 19 N.Y.2d 159, 166, 278 N.Y.S.2d 793, 798, 225 N.E.2d 503 (1967) (holding that a judgment creditor who failed to give an insurer notice of the entry of judgment had failed to establish one of the elements of a direct cause of action); *Manshul Constr. Corp. v. State Ins. Fund,* 118 A.D.2d 983, 984, 500 N.Y.S.2d 87, 88 (3d Dep't 1986) (holding

that the specifics of the direct action statute must be complied with to state a viable cause of action); *McNamara v. Allstate Ins. Co.,* 3 A.D.2d 295, 299, 160 N.Y.S.2d 51, 55 (4th Dep't 1957) (holding that notice of entry of a judgment is mandatory and a condition precedent to the validity of a determination under the direct action statute).

In the face of this New York jurisprudence, plaintiffs contend that a declaratory judgment action is properly maintained in a federal court because Insurance Law § 3420 is merely procedural and, therefore, by operation of the *Erie* doctrine their declaratory action is proper pursuant to Fed.R.Civ.P. 18(b). *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) (establishing that a federal court sitting in diversity may apply federal procedural law but must apply the substantive law of the state in which it sits). In support, plaintiffs cite *Abigail deBruyne v. Clay,* No. 94 Civ. 4704, 1997 WL 471039, at *4 (S.D.N.Y. Aug. 18, 1997), where the Court found New York's direct action statute to be procedural, rather than substantive.

In *deBruyne,* two trust beneficiaries sued in federal court for damages stemming from a breach of fiduciary duty allegedly committed by a trustee. *See id.* at *1. Subsequently, the trustee's insurer sued in state court seeking a declaration of its obligations with respect to its insured. *See id.* The injured plaintiffs, who were not parties to the state action, asked the *deBruyne* Court for leave to amend their complaint to permit a federal declaratory judgment action against the trustee's insurer. *See id.* After granting plaintiffs' request, the *deBruyne* Court then enjoined the state declaratory action and found two bases for permitting a federal declaratory action to proceed: (1) Insurance Law § 3420, which governed, was procedural and therefore not binding on a federal court sitting in diversity, and (2) New York courts would allow an injured party to bring a declaratory judgment action

against an insurer that had itself instituted a declaratory judgment action with respect to coverage issues relating to that party's claims against one of its insureds. *See id.* at \*3. In support of the first finding, the Court cited *Hanna v. Plumer*, 380 U.S. 460, 467–68, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965), where "procedure" was generally defined as the "judicial process for enforcing rights and duties recognized by substantive law." *Id.* The *deBruyne* Court reasoned that direct claims are recognized by state law and, therefore, the statute merely controls the process, or timing, for such claims. *See deBruyne*, 1997 WL 471039, at \*4 ("This is not a case where the state law prohibits entirely actions against an insurer. Rather, the statute limits procedurally when such actions can be initiated.").

I am not persuaded by this analysis. There is little doubt that § 3420 has a procedural effect, but it does not provide merely the process for enforcing rights; rather, it creates the rights and duties to be enforced. To be sure, concentrating primarily on procedural effects, courts other than the *deBruyne* Court have found direct action statutes like § 3420 to be procedural. *See, e.g., Davis v. Furlong*, 328 N.W.2d 150, 152 (Minn.1983) (holding that Wisconsin's direct action statute is a procedural rule when considering the proper joinder of parties). Nevertheless, the Second Circuit and the New York Court of Appeals have held that particular direct action statutes like § 3420 are substantive in character because they create a right of action against the insurer. *See, e.g., State Trading Corp. v. Assuranceforeningen Skuld*, 921 F.2d 409, 416 (2d Cir. 1990) (holding that Connecticut's limited

direct action statute is substantive law); *Collins v. American Auto. Ins. Co.*, 230 F.2d 416, 422 (2d Cir.1956) (holding that Louisiana's direct action statute is substantive because it does more than "merely shorten the legal process; it creates what is substantially a new right of action"); *Oltarsh v. Aetna Ins. Co.*, 15 N.Y.2d 111, 116, 256 N.Y.S.2d 577, 580–81, 204 N.E.2d 622 (1965) (holding that Puerto Rico's direct action statute vests a substantive right in a third party).

The Second Circuit's analysis in *Skuld* is particularly relevant because of the strong similarity between the Connecticut statute there at issue and New York's direct action statute.[2] In *Skuld*, the plaintiff argued that the Connecticut direct action statute was procedural because it transferred to the injured third party the insured's right to indemnity, thus "merely creating a method of executing upon the proceeds of the insurance policy." *Skuld*, 921 F.2d at 415. The Court was unpersuaded and cited *Collins*, where it held that a direct action statute was substantive and subject to the appropriate choice-of-law rules. *See id.* at 416 (citing *Collins*, 230 F.2d at 421–22). *Collins* reasoned that a direct action statute is substantive because it creates a right of action against a defendant where no such right previously existed. *See id.* (citing *Collins*, 230 F.2d at 421–22).

The same factors present in *Skuld* and *Collins* exist here. There is no dispute that § 3420 creates a cause of action on behalf of the injured party against the insurer in derogation of common law. *See Tillman v. Fireman's Fund Insurance Co.*, 590 F.Supp. 246, 249 (S.D.N.Y.1984)

2. Connecticut's direct action statute provides in relevant part:

> Upon the recovery of a final judgment against any person ... for loss or damage on account of ... damage to property, if the defendant in such action was insured against such loss or damage at the time when the right of action arose and *if such judgment is not satisfied within thirty days* after the date when it was rendered, *such*

> judgment creditor shall be subrogated to all the rights of the defendant and shall have a right of action against the insurer to the same extent that the defendant in such action could have enforced his claim against the insurer had such defendant paid such judgment.

Conn.Gen.Stat. § 38–175 (1989) (emphases added), *quoted in Skuld*, 921 F.2d at 411.

(stating the general rule that liability insurance is granted to the insured only and that only the insured has a cause of action against the insurer and a right to sue under the policy). According to the *Skuld* analysis, a statute such as § 3420 that creates rights is properly characterized as embodying a substantive, not a procedural rule. *See Skuld*, 921 F.2d at 416. Moreover, as in *Skuld*, the requirement of a judgment against the insured as a predicate to asserting a claim is best viewed as an element of the rights created in § 3420, and not merely a procedural, or timing, control. *Cf. deBruyne*, 1997 WL 471039, at *4 (holding that § 3420 places a mere procedural trigger on a direct action).

The history of § 3420 supports this conclusion. In its original 1917 version, the direct action statute permitted the injured party to sue the insurer before obtaining a judgment against the insured. *See* 1917 N.Y.Laws ch. 524. Just one year later, however, the prerequisite of a judgment against the insured was inserted, and has existed in all subsequent versions. *See* 1918 N.Y.Laws ch. 182. This history merely reinforces the plain language of the statute which, strictly construed, requires that the injured party obtain a judgment against the insured as a condition precedent to any direct action against the insurer. *See Thrasher*, 19 N.Y.2d at 166, 278 N.Y.S.2d at 798, 225 N.E.2d 503 (holding that the notice requirement of entry of judgment is a substantive element of a direct cause of action). A preexisting judgment against the insured is an element of the injured's statutory rights, and cannot be preempted by the application of federal procedural rules.[3]

## IV.

█ In the alternative, plaintiffs argue that, although § 3420 bars a direct action for money damages by injured third parties, it does not bar an action for declaratory relief. In support, they again cite *deBruyne* and several cases from New York's Appellate Division, Second Department, in which the injured party, before obtaining an unsatisfied judgment against the insured, was allowed to sue the insurer in a declaratory judgment action. *See Tepedino v. Zurich–American Ins. Group*, 220 A.D.2d 579, 580, 632 N.Y.S.2d 604, 605 (2d Dep't 1995); *Costa v. Colonial Penn Ins. Co.*, 204 A.D.2d 591, 612 N.Y.S.2d 617 (2d Dep't 1994); *cf. Abate v. All–City Ins. Co.*, 214 A.D.2d 627, 628, 625 N.Y.S.2d 587, 588 (2d Dep't 1995) (holding that "Insurance Law § 3420 does not purport to govern declaratory judgment actions").

However, there is currently a split in the New York courts over whether the elements of the direct action claim need be established before declaratory relief is sought. *See Abdalla v. Yehia*, 246 A.D.2d 373, 373, 667 N.Y.S.2d 736, 736 (1st Dep't 1998) (holding that an injured party lacked

---

**3.** I note that, in the event Barco is found to be liable to plaintiffs, plaintiffs then may sue under the Barco Policy on the issue of reasonable notification regardless of the outcome on that issue in the state declaratory action. The New York courts have recognized a separate defense for injured parties and insureds as to what constitutes reasonable notice. Therefore, even in the event that the state court declares Barco's notice to Select to be unreasonable, plaintiffs rights under the Barco Policy will not be extinguished if they can show that their notice to Select was reasonable given the difficulty in locating the correct insurer or any other extenuating circumstances. *See National Grange Mut. Ins. Co. v. Diaz*, 111 A.D.2d 700, 701, 490 N.Y.S.2d 516, 518 (1st Dep't 1985) ("If the injured person proceeds diligently to ascertain the existence of coverage and to give required notice to the insurer, he will not be charged with any delay on the part of the assured."); *Fabian v. Motor Vehicle Acc. Indemnification Corp.*, 111 A.D.2d 366, 367, 489 N.Y.S.2d 581, 582 (2d Dep't 1985) ("As injured third parties, petitioners may seek recovery from an insured's carrier despite the failure of the insured to provide timely notice of the accident."). This separate right, which effectively permits a judgment creditor to fulfill the terms of a contract to which he is a third party, supports my conclusion that § 3420 is substantive; the statute creates limited rights of action for judgment creditors where no such rights existed previously.

standing to bring a declaratory judgment action until a judgment against the insured had been obtained); *Clarendon Place Corp. v. Landmark Ins. Co.*, 182 A.D.2d 6, 10, 587 N.Y.S.2d 311, 313 (1st Dep't 1992) (holding that a plaintiff who has not yet obtained a judgment has no rights flowing from Insurance Law § 3420(b)(1) and may not maintain *any* action); *Mount Vernon Fire Ins. Co. v. NIBA Const. Inc.*, 195 A.D.2d 425, 425, 600 N.Y.S.2d 936, 936 (1st Dep't 1993) (holding that a declaration of an insurer's ultimate liability was premature given the absence of an unpaid judgment against the insured); *Rodriguez v. JLF Prop. Inc.*, 191 A.D.2d 211, 212, 594 N.Y.S.2d 206, 207 (1st Dep't 1993) (same). The New York Court of Appeals has not yet addressed the lower court schism. As a court sitting in diversity, I must consider how that Court most likely would rule on this issue. *See Gasperini v. Center for Humanities, Inc.*, 66 F.3d 427, 430 (2d Cir.1995).

The cases that allow a declaratory judgment action even absent a judgment against the insured are based on *Costa*. Without extensive analysis, the Second Department held in *Costa* that "[a] party who is not privy to an insurance contract but would nevertheless benefit from the insurance policy may bring a declaratory judgment action to determine whether the insurer owes a defense and/or coverage under the policy." *Costa*, 204 A.D.2d at 591, 612 N.Y.S.2d at 618 (citation omitted). By contrast, in *Clarendon*, the First Department reasoned that because the injured party did not hold an unsatisfied judgment against the insured he did not have any legally cognizable interest in the insurance policy at issue, and there was no justiciable controversy between the parties that gave the injured party standing to bring a declaratory judgment action. *See Clarendon*, 182 A.D.2d at 10, 587 N.Y.S.2d at 313. I find the analysis of the First Department more persuasive because it is consistent with both the statute's history as previously discussed and with declaratory judgment jurisprudence in general.

A declaratory judgment is a remedy. Its availability does not the create an additional cause of action or expand the range of factual disputes that may be decided by a district court sitting in diversity. *See In re Joint E. & S. Dist. Asbestos Litigation*, 14 F.3d 726, 731 (2d Cir.1993) ("The Declaratory Judgment Act does not expand jurisdiction.... Nor does it provide an independent cause of action." (citation omitted)). Establishment of a case or controversy as required under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 (West 1994), is necessary to obtain federal jurisdiction and to insure that a declaratory judgment is not merely advisory. A declaratory judgment action is premature if standing to maintain such an action depends on a future event that is beyond the control of the parties and that may never occur. *New York Pub. Interest Research Group, Inc. v. Carey*, 42 N.Y.2d 527, 529–30, 399 N.Y.S.2d 621, 623, 369 N.E.2d 1155 (1977). *See generally Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir.1993) (stating the rule that a declaratory judgment is warranted only when there is a controversy that is real and substantial and such judgment may therefore be distinguished from an opinion advising what the law would be upon a hypothetical state of facts).

Plaintiffs' remedies are those provided for in § 3420. *See Morton v. Maryland Casualty Co.*, 1 A.D.2d 116, 126, 148 N.Y.S.2d 524, 533 (2d Dep't 1955) ("[T]he courts have consistently refused to grant any other or further privileges than [§ 3420] specifically provides"), *aff'd*, 4 N.Y.2d 488, 176 N.Y.S.2d 329, 151 N.E.2d 881 (1958). To permit an injured plaintiff to bring a declaratory judgment action before the conditions of the statute are fulfilled would bestow upon him a "further privilege" not provided for in § 3420. *Id.*, at 126, 148 N.Y.S.2d 524, 148 N.Y.S.2d at 533. In addition, such a judgment would be advisory to the extent that an injured party's statutory rights are inchoate until

such time as a judgment against the insured is obtained.

In a variation of their principal argument, plaintiffs contend that, even if the general rule is that the injured party cannot bring a declaratory action against the insurer absent an unpaid judgment, New York courts would allow the injured party to bring such an action when the insurer itself is already a party to a litigation defining its rights and obligations under the relevant policy. Citing *deBruyne*, plaintiffs assert that the rationale for prohibiting direct actions is to limit the litigation exposure of insurers, and that this rationale would not be served here because Select is already being sued by Barco in state court. *See deBruyne,* 1997 WL 471039, at *3 ("One of the obvious purposes of the statute at issue is to spare insurance companies the perhaps needless expense of defending a coverage action when it is possible that the underlying action will result in a determination that its insured had no liability.")

First, it is not obvious that the *deBruyne* Court's analysis of the rationale for the statute is accurate. Because, as discussed above, § 3420 created new rights for third parties to an insurance policy, and not new rights for insurers, it is not plain that the statute's intent is to protect insurers from litigation. However, even assuming without deciding that the statute is intended, in part, to protect insurers from unnecessary litigation, the circumstances of this case, in which Select, unlike the insurer in *deBruyne*, has not decided to litigate for its own purposes, do not lead me to conclude that Select has abandoned its hypothesized statutory protection. Select was hauled into state court by its insured to defend a declaratory judgment action that was brought by Barco to define its rights under its policy. By contrast, the insurer in *deBruyne* itself sued on the policy. *See deBruyne,* 1997 WL 471039, at *1. In this case, it cannot be said that Select has "join[ed] the third-party claimant as a defendant in [Select's]

own action seeking a judicial declaration of the coverage question." *Mount Vernon Fire Ins.,* 195 A.D.2d at 426, 600 N.Y.S.2d at 937 (Sullivan, J., concurring). Therefore, there is no basis here to permit plaintiffs to bring a declaratory judgment action against Select absent an unsatisfied judgment against the insured.

\* \* \*

For the reasons set forth above, the defendants' motion to dismiss is granted.