Sylvia CURET, Plaintiff,

v.

UNITED NATIONAL INSURANCE COMPANY and United National Insurance Group, Defendants.

No. 11 Civ. 1410(JSR).

United States District Court, S.D. New York.

May 23, 2011.

Norman H. Dachs, Shayne, Dachs, Corker, Sauer & Dachs, Mineola, NY, for Plaintiff.

Anne K. Zangos, Michael A. Miranda, Steven Verveniotis, Miranda Sambursky Slone Sklarin Verveniotis, LLP, Mineola, NY, for Defendants.

*MEMORANDUM*

JED S. RAKOFF, District Judge.

The above-captioned case stems from an underlying state court action, *Sylvia Curet v. 50 East 172 LLC,* Index No. 15676/07, filed in the Supreme Court of New York, Bronx County on May 29, 2007 (the "Underlying Action"). *See* Notice of Removal ¶ 3. In the Underlying Action, plaintiff Sylvia Curet sued 50 East 172 LLC ("50 East") for injuries she allegedly sustained on 50 East's premises on October 21, 2006. Defendants' Memo of Law in Opposition to Plaintiff's Motion to Remand ("Def.

Mem.") at 2. At the time of Curet's accident, 50 East was named as an insured under a liability insurance policy (the "Policy") issued by defendants United National Insurance Company and United America Insurance Group. *Id.* When 50 East failed to answer or otherwise appear in the Underlying Action, Curet moved for a default judgment. *Id.* On May 15, 2009, after an inquest and assessment of damages, the Bronx County Supreme Court entered a default judgment against 50 East in the amount of $1 million, together with interest from September 23, 2007. *Id.*

Defendants state that they first received notice of the Underlying Action on September 20, 2007. *Id.* On October 2, 2007, defendants disclaimed coverage and so notified both 50 East and Curet. *Id.* Although, as noted, default judgment was thereafter entered against 50 East on May 15, 2009, it was not until April 15, 2010, according to defendants, that Curet first sought payment of the judgment from defendants. *Id.* Specifically, plaintiff wrote to defendants on April 15, 2010 demanding payment, and defendants promptly responded by reaffirming their disclaimer of coverage. *Id.* Curet then filed suit against defendants on January 21, 2011 in New York Supreme Court, Bronx County, Index No. 300683/11. Defendants removed the case to this Court on March 1, 2011, but Curet the moved for remand. After full briefing and oral argument, the Court on April 7, 2011, issued a "bottom-line" Order denying the motion for remand.

This Memorandum sets forth the reasons for that Court's decision.

Defendants removed this action pursuant to the Court's diversity jurisdiction. It is undisputed that plaintiff Sylvia Curet is a citizen of the State of New York, that defendants United National Insurance Company and United America Insurance Group are citizens of the State of Pennsylvania,[1] and that the amount in controversy exceeds $75,000. *See, e.g.,* Declaration of Norman H. Dachs, dated March 22, 2011 ("Dachs Decl.") ¶ 3; Def. Mem. at 2–3. Plaintiff argues, however, that her action is a "direct action" within the meaning of 28 U.S.C. § 1332(c), which provides that an insurer will be deemed a citizen of the State of which the *insured* is a citizen in the context of a "direct action" against the insurer. Specifically, section 1332(c) states:

> [A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

28 U.S.C. § 1332(c)(1). Accordingly, plaintiff argues that defendants should be con-

---

1. In the Notice of Removal dated February 28, 2011, defendants contend that "[t]he only proper party in this action is United National Insurance Company, as United America Insurance Group did not issue the policy in controversy, and is not even a jural entity capable of being sued." *See* Notice of Removal at 1 n. 1. They note that United America Insurance Group is the name for a group of insurers that includes United National. *Id.* ¶ 7. However, since it is undisputed that United America Insurance Group maintains its "principal office and principal place of business at the same Pennsylvania address as United National," *id.,* the precise relationship between the defendants need not be determined for the purposes of this motion.

sidered citizens of New York because the insured in this case, 50 East, is a citizen of New York. *See* Dachs Decl. ¶ 5. She correctly argues that if defendants were deemed to be citizens of New York, diversity of citizenship would not exist. *Id.*

■ The question before the Court, therefore, is whether plaintiff's action against the defendants is a "direct action" within the meaning of Section 1332(c). Plaintiff brought her action in state court under Section 3420 of the New York Insurance Law, which allows an injured party to sue an insurance company when a judgment against the insured person has been entered and remains unsatisfied for 30 days from the serving of notice of judgment. *See* N.Y. Ins. Law § 3420(a)(2);[2] *NAP, Inc. v. Shuttletex, Inc.*, 112 F.Supp.2d 369, 371 (S.D.N.Y.2000). Plain-

tiff argues that that this type of action falls within the scope of Section 1332(c) because it allows actions against insurers "to which action the insured is not joined as a party-defendant." 28 U.S.C. § 1332(c). *See* Memorandum of Law of Plaintiff, Sylvia Curet, in Support of Motion ("Pl. Mem.") at 5. Plaintiff notes that both state and federal courts have repeatedly referred to Section 3420 actions as "direct actions." *Id.* at 3.[3]

■ However, none of these references was in the context of interpreting what "direct action" means in terms of Section 1332(c)—a matter of federal law—as opposed to how these actions are viewed under Section 3420(a)(2). In the latter case—a matter of state law—such an action is referred to as a "direct action"

**2.** "(a) No policy or contract insuring against liability for injury to person ... shall be issued or delivered in this state, unless it contains in substance the following provisions ... [:](2) A provision that in case judgment against the insured or the insured's personal representative in an action brought to recover damages for injury sustained or loss or damage occasioned during the life of the policy or contract shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon the attorney for the insured, or upon the insured, and upon the insurer, then an action may, except during a stay or limited stay of execution against the insured on such judgment, be maintained against the insurer under the terms of the policy or contract for the amount of such judgment not exceeding the amount of the applicable limit of coverage under such policy or contract." N.Y. Ins. Law § 3420.

**3.** *See, e.g., NAP, Inc. v. Shuttletex, Inc.*, 112 F.Supp.2d 369, 371 (S.D.N.Y.2000) ("Section 3420(a)(2) of the statute requires that insurance policies issued or delivered in the state contain provisions specifically authorizing direct actions brought under the terms of the policy against an insurer by an allegedly injured party to be instituted only when a judgment against the insured person has remained unsatisfied for 30 days from the date

of service of notice of entry of judgment."); *Hartford Fire Ins. Co. v. Mitlof*, 123 F.Supp.2d 762, 764 (S.D.N.Y.2000) ("Hartford claims that they are precluded from intervention in this action by New York's direct action statute, N.Y. Ins. Law § 3420(i)...."); *Richards v. Select Ins. Co.*, 40 F.Supp.2d 163, 167 (S.D.N.Y.1999) ("[T]he Second Circuit and the New York Court of Appeals have held that particular direct action statutes like § 3420 are substantive in character because they create a right of action against the insurer."); *Lang v. Hanover Ins. Co.*, 3 N.Y.3d 350, 352, 787 N.Y.S.2d 211, 820 N.E.2d 855 (2004) ("Insurance Law § 3420 grants an injured plaintiff the right to sue a tortfeasor's insurance company to satisfy a judgment obtained against the tortfeasor. The issue presented in this appeal is whether the injured party may bring a declaratory judgment action against the insurance company before securing a judgment against the tortfeasor. We hold that a judgment is a statutory condition precedent to a direct suit against the tortfeasor's insurer."); *Hershberger by Hershberger v. Schwartz*, 198 A.D.2d 859, 604 N.Y.S.2d 428, 428 (1993) ("Plaintiffs may commence a direct action against defendants' insurer only when a judgment has been rendered against the insureds and the judgment remains unsatisfied 30 days after entry (*see,* Insurance Law § 3420[a][2] ).").

simply to indicate that the statute allows an injured party to directly sue the injured party's insurer where certain contingencies are met. But "direct action" under § 1332(c) is more nuanced. Specifically, it uses that term to refer only to cases where the insurer's responsibility to the injuring party is already established, so that the injured party, in suing the insurer directly, is simply "cutting out the middle man." But, as the Second Circuit noted in *Rosa v. Allstate Ins. Co.*, "the general rule is that the proviso does not affect suits against the insurer based on its independent wrongs: such as actions brought against the insurer either by the insured for failure to pay policy benefits or by an injured third party for the insurer's failure to settle within policy limits or in good faith." 981 F.2d 669, 675 (1992) (footnote omitted).

Plaintiff's instant action is another example of the latter category of lawsuits, where it is the insured's allegedly wrongful disclaimer that is in issue. Specifically, the gravamen of the instant complaint is that defendants failed to pay the insured sums it was legally obligated to pay under the terms of the Policy. *See, e.g.,* Compl. ¶¶ 5, 7, 11.[4] Accordingly, it is an "action[ ] brought against the insurer ... for failure to pay policy benefits," precisely the kind of action the Second Circuit held is *not* a "direct action" under section 1332(c) proviso. *Rosa,* 981 F.2d at 675. To the same effect, *see, e.g., Webb v. Lumberman's Mut. Cas. Co.,* No. 01–CV–00770A(SR), 2004 WL 1529239, at *2, 2004 U.S. Dist. LEXIS 12942, at *6 (W.D.N.Y. July 2, 2004); *Rogers v. General Accident Ins. Co.,* No. 91 Civ. 6533(CES), 1992 WL 131792, at *1, 1992 U.S. Dist. LEXIS 8297, at *4 (S.D.N.Y. June 4, 1992); *see also Peck v. Public Service Mut. Ins. Co.,* 2004 WL 1055680, at *1 (D.Conn. May 6, 2004) ("[Section 1332(c) has] been held inapplicable in diversity actions where the plaintiff first successfully sued the tortfeasor and then instituted a subsequent action against the tortfeasor's insurer.").

Since, therefore, the instant action is not a "direct action" in terms of § 1332(c), diversity of citizenship continues to exist and the Court has subject matter jurisdiction over the instant action. The Court therefore re-affirms its April 7, 2011 Order denying plaintiff's motion to remand the instant case to the New York Supreme Court.[5]

4. "Upon information and belief, NATIONAL, pursuant to the terms and conditions of the aforesaid policy, was required to defend and is required to indemnify 50 E. for the full amount of the aforesaid Judgment and its disclaimer of liability and denial of coverage therefor [sic] upon the ground specified in its disclaimer letter was and is wrongful and constitutes a breach of its contract with 50 E." Compl. ¶ 11.

5. Since the case was properly removed, plaintiff's additional motion for attorneys fees and costs is hereby denied.